LOUISE M. SMITH *v.* PLANNING AND ZONING BOARD OF THE CITY OF MILFORD ET AL.
(12768)
(12872)

HEALEY, SHEA, DANNEHY, CALLAHAN and STOUGHTON, Js.

Argued December 5, 1986—decision released April 28, 1987

*Bruce L. Levin,* for the appellant (named defendant).

*William B. Barnes,* for the appellant (defendant Bic Pen Corporation).

*Stephen W. Studer,* with whom, on the brief, was *Richard J. Buturla,* for the appellee (plaintiff).

DANNEHY, J. These are separate appeals by the defendants from a judgment of the Appellate Court which unanimously reversed a judgment rendered upon an order of the trial court granting a motion by the defendant Bic Pen Corporation (Bic) to dismiss the plaintiff's appeal from a decision of the defendant planning and zoning board of the city of Milford (board). Each appeal is concerned with the scope and applicability of General Statutes § 8-8 (a) providing, so far as here pertinent, that "any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said [zoning] board . . . may . . . take an appeal to the superior court . . . ."[1] The question on appeal is whether a tenant for life of land abutting or within a radius of

---

[1] General Statutes § 8-8 provides in pertinent part: "(a) Any person or persons severally or jointly aggrieved by any decision of [a zoning board of appeals], or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

one hundred feet of land thus involved is a "person own-
ing land" within the purview of § 8-8. The Appellate
Court answered the question in the affirmative. *Smith*
v. *Planning & Zoning Board,* 3 Conn. App. 550, 552,
490 A.2d 539 (1985). We reach the same conclusion.

The case was heard on a motion to dismiss. The plain-
tiff is the owner of a life estate in land abutting Caswell
Street in Milford. The premises were formerly the prop-
erty of the plaintiff's husband. In 1979, he conveyed
the land to Bic by a deed in which he reserved to him-
self and the plaintiff a life estate during the lifetime
of either or both of them. On October 5, 1982, the board
granted an application of Bic which requested that the
name of Caswell Street be changed to Bic Drive. The
plaintiff, claiming to be aggrieved, seasonably appealed
from the decision of the board to the Superior Court,
joining the board and Bic as parties to the appeal.
Bic filed a motion to dismiss the appeal, based on the
ground that "[t]he plaintiff's specific interest as a life
tenant . . . does not render her 'aggrieved.' " The
trial court granted the motion to dismiss the appeal,
finding "that the plaintiff's position as life tenant does
not constitute record ownership of the premises in ques-
tion so as to qualify the plaintiff as an aggrieved per-
son under . . . § 8-8 of the Connecticut General
Statutes." Thereafter, by final judgment, the plain-
tiff's appeal was dismissed. From the judgment of dis-
missal the plaintiff appealed to the Appellate Session
of the Superior Court. The matter was subsequently
removed to the Appellate Court under General Stat-
utes § 51-197a (c). The facts have been stated on the
basis of the record of the pleadings, the trial court's
memorandum of decision and the parties' admissions.

During the arguments before the Appellate Court the
parties agreed that the dispositive issue on appeal was
whether "a life tenant . . . is an 'owner' under Sec-
tion 8-8 . . . of the General Statutes." The Appel-

late Court held that the plaintiff, as a life tenant, was entitled to appeal as an owner of land "which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said [zoning] board . . . ." General Statutes § 8-8; *Smith* v. *Planning & Zoning Board,* supra, 555. The judgment of the trial court dismissing the plaintiff's appeal from the decision of the board was reversed and the case remanded for further proceedings consistent with the opinion. *Smith* v. *Planning & Zoning Board,* supra, 561. Permission to appeal by certification was granted by this court. The defendants appealed on a single record. We now consolidate the two appeals. Practice Book § 4004 (formerly § 3002).

The only issue which we need consider is whether the plaintiff as a life tenant has standing to appeal from the board's decision as an owner of land under § 8-8.[2] The plaintiff, who claimed to be aggrieved by the decision of the board to change the name of Caswell Street

---

[2] It is of no significance that the plaintiff's husband failed to participate in the appeal. No reason for his nonparticipation appears in the record. See *Bush* v. *Bradley,* 4 Day 298 (1810). We need not consider, either, the board's claim that "as construed by the Appellate Court, General Statutes § 8-8, to the extent it purports to authorize an appeal to the Superior Court by an owner of land not aggrieved, constitutes an unconstitutional encroachment upon the judicial department." This claim was never raised before and, therefore, never considered by the Appellate Court, whose actions we review. *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985). The board similarly fails properly to present the constitutional question of whether, on its face, § 8-8 unconstitutionally permits an appeal by an abutting owner.

We recently explained that as a well settled rule of constitutional adjudication, "a court will decide the constitutionality of a statute only as it applies to the particular facts at hand." *State* v. *Zach,* 198 Conn. 168, 176, 502 A.2d 896 (1985). A party challenging the constitutional validity of a statute "must provide an adequate factual record in order to meet its burden of demonstrating the statute's adverse impact on some protected interest of its own, in its own particular case, and not merely under some hypothetical set of facts as yet unproven." *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 203 Conn. 63, 75, 523 A.2d 486 (1987). Pruden-

to Bic Drive, appealed to the Superior Court to reverse the decision.[3] Section 8-8 allows aggrieved persons to appeal from decisions of zoning authorities to the Superior Court. The traditional requirements for an appeal have been frequently stated. The appeal will be dismissed unless the appellant alleges and proves aggrievement. To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights. *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545 (1967). The situation is different with respect to any person owning land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning board. Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement. See *Point O'Woods Assn., Inc.* v. *Zoning Board of Appeals,* 178 Conn. 364, 366, 423 A.2d 90 (1979).

The defendants contend that the Appellate Court erred in holding that the plaintiff has an interest in the

tial concerns counsel against adjudicating constitutional questions in a factual vacuum. See *State* v. *Zach,* supra, 176–78.

In the present case, the plaintiff's appeal was dismissed on motion of the defendant Bic. The factual record of the case was therefore never fully developed and accordingly does not afford us a sufficient basis for resolving the constitutional issue presented. The constitutional validity of § 8-8 "could be passed upon to much better advantage if the cause was tried and the facts fully developed." *Barr* v. *First Taxing District,* 147 Conn. 221, 225, 158 A.2d 740 (1960).

[3] In Milford the board sits as both a planning and zoning commission. Although the question was not raised, it should be made clear that the board here was acting as a zoning commission.

land sufficient to entitle her to the benefit of the automatic appeal for landowners embodied in § 8-8. The defendants seem to rely principally upon *Warner* v. *Leslie-Elliot Constructors, Inc.*, 194 Conn. 129, 137, 479 A.2d 231 (1984), where the term "landowner," for reasons there stated, was narrowly construed to include only those who possess title to the land. That case, of course, dealt with a statute different from that now before us. See General Statutes § 52-557. Other cases, however, indicate that "[t]he word 'owner' has no fixed meaning but must be interpreted in its context and according to the circumstances in which it is used. . . . Courts have not agreed in the application of the meaning of the word, even when due allowance is made for the differing phraseology of the statutes involved and the circumstances under consideration." *Warren* v. *Borawski*, 130 Conn. 676, 679–80, 37 A.2d 364 (1944).

We assume, although it is not entirely clear from the record, that the deed conveying the premises on Caswell Street to Bic and creating the plaintiff's life estate was a duly recorded instrument. Upon the execution of the deed, the plaintiff was a tenant for life and a remainder in fee was vested in Bic. The plaintiff's life interest, as shown in the deed, is a matter of record. Thus no question of whether she has record title is presented.

Section 8-8 purports to grant an automatic right of appeal to "any person owning land" who meets certain other qualifications. The question is whether the quoted language can be construed to include a life tenant. The plaintiff satisfies all requirements for an automatic right of appeal, if she may be regarded as a "person owning land." The problem is apparently one of initial impression. For that reason we must interpret the statute in its context and according to the cir-

cumstances in which the term a "person owning land" is used.

The plaintiff's freehold estate is an estate for her own life. Her reserved life interest remains subject to her direction and control as long as she is alive. In every beneficial sense, she is the owner of the premises situated on Caswell Street. By the common law, a tenant for life, where he is under no restriction in the deed by which he holds, could use the land in the same manner as the holder in fee. Every life tenant had the right to the undisturbed possession of the land and to the income and profits derived from such land. C. Moynihan, Introduction to the Law of Real Property (1962 Ed.) c. 2, § 12. In addition, the alienable quality of a life estate allowed a life tenant to convey his whole estate to a third person. Id. A life tenant, as a holder of a freehold estate, was considered "seised" of the land. Id., c. 4, § 1. The concept of seisin has diminished somewhat in importance today. Under the common law, however, it was extremely significant. It connoted something beyond possession. It meant ownership "in so far as the common law admits of ownership"; and in many practical respects, the interest of the life tenant was treated as essentially equivalent to outright ownership. Id., c. 4, § 2.

We recognize that the plaintiff holds her property in a form which separates the right of possession of a life tenant from the rights of the remainderman in the fee. This, however, does not necessarily mean that a life tenant may not receive the benefits of § 8-8. The incidents of the plaintiff's ownership of the land as a tenant during her life lead us to conclude that she has a sufficient ownership of the locus to entitle her to recognition as a "person owning land" with the right to appeal under § 8-8.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.