[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Board which granted the Borough of Naugatuck's application for a variance. The appellant is Charles Wasoka, Sr., and the defendants are the Board and the Borough of Naugatuck,
On November 7, 1990, the Borough applied to the Board for a variance from the Naugatuck zoning regulations. (Record Item 2). The subject property is a proposed day care facility at 18 Central Avenue in Naugatuck. The Borough sought a variance from 42.5.15 which requires that day care facilities maintain the following parking:
 one (1) space per five (5) students and one (1) space for each employee on a shift
On December 3, 1990, at a public meeting the Board voted to grant the requested variance that would allow the day care center to have seventeen parking spaces instead of the required 27. (Record Item 20 at 2). The notice of decision was duly published on December 7, 1990. (Record Items 16, 17).
On December 20, 1990, the plaintiff brought this appeal.
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 542-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 (1989).
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317, 321 (1987). Unless plaintiff alleges and proves aggrievement, his case must be dismissed. Fuller v. Planning and Zoning Commission, 21 Conn. App. 340,343 (1990). An owner of property within a one hundred foot radius of the property subject to the agency's decision is statutorily aggrieved. Connecticut General Statutes 8-8(a)(1); Smith v. Planning Zoning Board, 203 Conn. 317. As the plaintiff is the owner of property within the one hundred foot radius, the court finds that he is aggrieved.
Connecticut General Statutes 8-8(2)(b) requires that a CT Page 7502 zoning appeal be commenced "within fifteen days from the date that notice of the decision was published. . ." Notice of the decision herein was published on December 7, 1990, and this appeal was commenced on December 20, 1990. Therefore this appeal was timely brought.
Section 51.2.3 of the Naugatuck zoning regulations empower the Board:
 To determine and vary application of these Regulations in harmony with their general purpose and intent and with major consideration for the conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and the public safety and welfare secured.
 The Zoning Board of Appeals should consider the following in making a decision in the case that ALL of the following conditions exist:
 a. that if the owner complied with the provisions of these Regulations he would not be able to make any reasonable use of his property;
 b. the difficulties or hardship relate to the physical characteristics of that parcel of land and are peculiar to the property in question in contrast with those of other properties in the same district;
 c. that the hardship was not the result of the applicant's own action and/or not known at the time of purchase;
 d. that the hardship is not merely financial or pecuniary;
Two basic conditions must be satisfied in order for a zoning CT Page 7503 authority to grant a variance. . . (1) the variance is shown not to substantially affect the comprehension zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship. . . Adolphson v. ZBA, 205 Conn. 703, 709
(1988); Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598
(1990).
In the case at bar, the Borough's claimed hardship is:
 After providing required space for building, play area, and circular drop-off area, the site can only accommodate 17 spaces vs. 27 required for 65 students and 14 staff. (Record, Item 2).
The Borough could comply with the 27 parking spaces requirement if the turn-around was eliminated. (Record Item 21, at 15, 16). However, it was the Borough's argument that the circular drop off area was "a better plan". Id. at 16.
Where a hardship is self-created by the applicant's voluntary act, a variance should not be granted. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658 (1980); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 205 (1989).
In the case at bar, the Borough's voluntary decision to install a circular drop-off area created the hardship of not being able to provide the required parking places. The Borough could avoid this hardship by either reducing the number of students and teachers and thereby reducing the parking requirements; or the Borough could eliminate the circular drop-off area entirely.
Therefore, the Borough's hardship was self created and plaintiff's appeal is sustained.
So ordered.
LANGENBACH, J.