[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ADMINISTRATIVE APPEAL
FACTS
This is an appeal from the decision of the Zoning Commission of the Town of Groton ("Commission") denying plaintiffs' application for a Zoning change to take the subject property out of a water protection overlay district.
The following facts are taken from the complaint and returns of record ("ROR") of Gothie v. Zoning Commission, D.N. 513449 ("Gothie I") and Gothie v. Zoning Commission, D.N. 515375 ("Gothie II"), which were consolidated by the court (Vasington, J.) upon motion by all parties. The two cases involve the same parties and zone change request.
On October 4, 1989, plaintiffs Michael and Carroll Gothie, husband and wife, filed an application with the Commission for a zone change for property owned by them located at 112 New London Turnpike, Groton, Connecticut. (Gothie I, ROR #20). The Commission held a public hearing February 7, 1990 Gothie I, ROR #4); and voted at that time to deny the zone change application on the following grounds:
 1. The applicant has not met the burden of proof test required in Section 6.12-2 of the Zoning Regulations. Specifically, the applicant has not documented that groundwater flowing from and through his site does not flow toward the Eccleston Brook Watershed and the well fields of the Southeastern Connecticut Water Authority contained within that watershed.
 2. The Commission reiterates a statement it made on the record at its March 2, 1988 meeting before granting Special Permit #130 to allow professional offices at 112 New London Road: "It was noted that since a portion of the property is located within the Water Resource Protection District, the property should not be used for doctors' offices without public water and sewer". (sic) At that time, the Commission felt that such a restriction acted to not only afford protection to existing and future public water supplied, but also would act to limit the types and intensity of professional offices which could be established at this location.
CT Page 8917
(Id., p. 4). Commission mailed notice of its decision to plaintiffs on February 12, 1990. (Gothie I, ROR #2). Notice of the Commission's decision was published on February 16, 1990. (Gothie I, ROR #24).
Plaintiffs filed an appeal from the Commission's decision in Superior Court on February 23, 1990 pursuant to General Statutes Section 8-8, contending that plaintiffs' property is improperly within the Water Resources Protection District because a mistake was made in setting out the boundary. Plaintiffs seek to have the boundary of the overlay zone corrected pursuant to the Groton Zoning Regulations. Plaintiffs contend that in denying their application for a zone change the Commission acted unfairly, arbitrarily and illegally.
No hearing was held on the appeal in Gothie I because the parties agreed to allow plaintiffs to file a new application (Gothie II, ROR #5) with the Commission seeking action which would have rendered the appeal moot. See Motion for Extension of time #115, Gothie I.
The Commission held a public hearing on plaintiffs' new application on July 11, 1990. Commission denied plaintiffs' zone change request on August 1, 1990 on the following grounds:
 1. No incontestable, factual evidence was presented at the recent Public Hearing regarding groundwater flow; only the hydrogeologists' statement of generally accepted truisms which the Commission does not regard as adequate proof of burden from the applicant.
 2. The Commission does not perceive that the general welfare of the properties in the area will be enhanced or improved by a reduction of the Water Resource Protection District. In recognizing that the Water Resource Protection District was enacted to protect areas where groundwater is the sole source of water supply, the Commission feels obliged to maintain its position that the restrictive language contained in the Water Resource Protection District regulation is the only protection to which adjoining properties have recourse, and to which they are entitled.
3. The Commission reiterates a statement it CT Page 8918 made on the record at its March 2, 1988 meeting before granting Special Permit #130 to allow professional offices at 112 New London Road: "It was noted that since a portion of the property is located within the Water Resource Protection District, the property could not be used for doctors' offices without public water and sewer". (sic) At that time, the Commission felt such a restriction acted to not only afford protection to existing and future public water supplies, but also would act to limit the types and intensity of professional offices which could be established at this location.
 4. The Special Permit was issued in reliance upon the existence of the Water Resource Protection District and the specific objectives contained in Section 8.3-8 of the Special Permit Procedure.
(Gothie II, ROR #2, p. 3-4).
Notice of the Commission's decision was published on August 16, 1990. (Gothie II, ROR #4). The Commission mailed notice of its decision to plaintiffs on August 3, 1990. (Gothie II, ROR #21).
Plaintiffs filed an appeal from the Commission's decision in Gothie II on August 14, 1990 pursuant to General Statutes Section 8-8. On October 1, 1990, the court (Vasington, J.) consolidated Gothie I and Gothie II at the request of all parties as the parties and issues are identical. See Motion for Consolidation #102, Gothie II.
In their appeal, plaintiffs argue that:
1. In denying the application, the applicants were held to a different and higher standard of proof than that used by the Zoning Commission in originally laying out the boundaries of the zone.
2. In holding the applicants to a higher standard of proof, the Commission acted unfairly, arbitrarily and illegally.
3. In this instance the Commission was required to grant plaintiffs' application once plaintiffs met their burden of proof as action by the Commission is not discretionary in such instance. CT Page 8919
4. Reason No. 2 does not address the issue presented to the Zoning Commission for a decision and goes beyond the scope of the issue presented.
5. At the time Special Permit No. 130 was granted, the same was granted for professional offices. Professional offices as defined in the Commission's own regulations include doctor's office.
6. In bringing a hydrogeologist to the Zoning Commission, the applicants went above and beyond the standard of proof required by the Commission in its regulations and above and beyond the standard of proof used by the Commission in laying out the zone. The action of the Commission in denying the applicants' request for a change of zone was at this time petty, arbitrary, confiscatory, illegal, discriminatory, oppressive, coercive, abusive, malevolent and unjust. The applicants fully met the standard of proof required by the Commission and the acts of the Commission denied the appellants due process, and the action of the Commission amounts to an illegal taking under both federal and state constitutions.
In their Gothie II brief, plaintiffs argue that:
1. Plaintiffs have complied with Groton Zoning Regulations 6.12.1.
2. Plaintiffs produced expert testimony regarding probable direction of waterflow from the subject property.
3. Commission improperly set up a new standard of proof, requiring plaintiffs to prove their assertions with 100% probability. There is no statutory authority for imposition of this burden of proof.
4. Commission has acted in bad faith, has not upheld the law, has been guided by petty motives and has acted to persecute and harass the plaintiffs. It has done these things contrary to and against the advise of its professional staff and counsel.
The court finds that argument 1 of the brief restates argument 3 of the complaint. Also arguments 2 and 4 of the brief restate argument 6 of the complaint. Further argument 3 of the brief is a restatement of argument 1 of the complaint. Arguments 2, 4 and 5 of the complaint have been abandoned by plaintiffs as plaintiffs have failed to brief these issues. See State v. Ramsundar, 204 Conn. 4, 16 (1987). CT Page 8920
A hearing was held before the court (Hurley, J.) on July 24, 1991.
DISCUSSION
A. AGGRIEVEMENT
General Statutes Section 8-8 allows aggrieved persons to appeal from decisions of zoning authorities to the Superior Court. "The appeal will be dismissed unless the appellant alleges and proves aggrievement." Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987). In order to be aggrieved one must have a specific, personal and legal interest in the subject matter of the agency's decision and must be specially and injuriously affected as to property or other legal rights. Id., see also Primerica v. Planning Zoning Commission, 211 Conn. 85,93 (1989). The owner of the subject property in a zoning application is aggrieved by a zoning commission's decision. Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968). "The question of aggrievement is one of fact to be determined by the trial court on appeal." Primerica, supra.
Plaintiffs allege in their complaint (Gothie II) that they own the subject property in the appeal. At the administrative hearing July 24, 1991, the court (Hurley, J.) found that plaintiffs were aggrieved.
B. TIMELINESS
1. Gothie II
A party taking an appeal must do so by service of process within fifteen days from the date that notice of the decision was published. General Statutes Section 8-8(b) (rev. to 1989, as amended). The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court. Id. See also General Statutes Section 8-8(e) (Rev. to 1989, as amended).
In this case, the Commission's decision was published on August 16, 1990. (Gothie II, ROR #4). The Commission was served through Groton Town Clerk Barbara Tarbox and Commission Chairman John H. Jacobus on August 10, 1990.
The court may note that process was served six days before the decision was published.
"Legislative provisions . . . fixing a relatively short time for instituting a review of the decision of an administrative agency by the courts, are necessarily designed to CT Page 8921 secure, in the public interest, a speedy determination." Masone v. Zoning Board, 148 Conn. 551, 555-56 (1961). The purpose of the time limit set forth in General Statutes Section 8-8(b) is to ensure that appeals are timely brought to the court. The purpose of Section 8-8(b) is not compromised by the filing of an appeal before publication has occurred. The court finds, therefore, that this appeal is timely brought.
2. Gothie I
Notice of the Commission's decision in Gothie I was published on February 16, 1990. Public Act 90-286 provides that appeals pending on its effective date (June 8, 1990) are to be deemed timely commenced if the defendant was served within I the fifteen-day appeal period. Conn. Pub. Acts. No. 90-286, Sections 1, 3, 9 (1990). The Commission was served through the Town Clerk and the Commission Chairman on February 21, 1990. Therefore, this appeal is timely brought.
C. SCOPE OF JUDICIAL REVIEW
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily, or in abuse of its discretion. See Id., 573; Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 173 Conn. 23, 25-26 (1977).
D. BURDEN OF PROOF
The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
E. OVERLAY OF DISTRICT
The Water Resource Protection District ("WRPD") is an overlay district. (Gothie II, ROR #23, Section 6.12-2). The WRPD is designed to protect the existing and future water supply resources of the Town of Groton. (Id., Section 6.12-1).
 Where the bounds of this district are in doubt or dispute, the burden of proof shall be upon the owners of the land in question to show where they should be located. Such proof shall be in the form of a map, prepared by a professional engineer or land surveyor, at a scale of 1"=40', with 2-foot contours, showing the existing district CT Page 8922 boundary and that proposed.
(Id., Section 6.12-2). Within the WRPD, the requirements of the underlying districts continue to apply, except that certain specified uses are prohibited, even where the underlying district requirements are more permissive. (Id., Section 6.12-3).
The subject property is located in a RU-20 zone, (Gothie II, ROR #22, sheet 1 of 2); and is also located within the WRPD. (Id.). Professional offices, including medical offices, are permitted in a RU-20 zone. See Gothie II, ROR #23, p. 5-7, Table 5.1-3. Medical offices are not permitted in a WRPD unless public sewer and water are available. (Gothie II, ROR #23, Section 6.12-3H).
Plaintiffs argue that the WRPD boundary which crosses the subject property is in dispute. They further argue that they have complied with Section 6.12-2 of the Groton Zoning Regulations in that they have prepared and submitted to Commission a map which shows the existing district boundary and that proposed. See Gothie II, ROR #22. The plaintiffs have complied with the proof requirement of Section 6.12-2 of the regulations.
At the public hearing July 11, 1990, Groton Planning Director James Butler ("Butler") spoke regarding plaintiffs' zone change application. (Gothie II, ROR #1). Butler stated that "I feel the line should have been drawn to the east." (Id., p. 18), referring to the WRPD in relation to the subject property. At a Groton Zoning Commission meeting August 1, 1990 (Gothie II, ROR #2 and #19), "Staff noted that it is irrefutable that the line is drawn incorrectly." (Id., p. 3).
Therefore, in denying plaintiffs' application for a zoning change Commission ignored its own staffers' evidence regarding where the WRPD boundary should properly be located. The court therefore finds that the Commission acted illegally, arbitrarily and in abuse of its discretion in denying the subject zoning change application. The plaintiffs' appeal is hereby sustained.
HURLEY, J.