[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this case is whether the Employment Security Board of Review failed to adequately find that the unemployment compensation claimant qualified for benefits from the Town of Stratford. It is found that the Board of Review failed to make an adequate finding as to claimant's eligibility.
This is a statutory appeal brought by the employer, Town of Stratford ("Appellant"), from an award of unemployment compensation benefits to former employee/claimant Richard A. Roberts ("Roberts").
Richard A. Roberts was initially found ineligible for unemployment compensation benefits by the Administrator of the Unemployment Compensation Act ("Appellee") in a decision issued on August 7, 1990, pursuant to General Statutes 31-241. Roberts then filed a timely appeal to an appeals referee, pursuant to General Statutes 31-241. The referee conducted a de novo hearing, made findings of fact, and reversed the decision of the administrator by a decision dated March 11, 1991, pursuant to General Statutes 31-242. Appellant Town of Stratford thereafter appealed to the Employment Security Board of Review ("board") on March 20, 1991, pursuant to General Statutes 31-249. On April 30, 1991, the board adopted the findings of the referee and affirmed his decision.
The factual findings as taken from the decision of the Appeals Referee are as follows. Richard Roberts started working for Appellant on June 18, 1979, and last worked there on May 16, 1990, earning $13.00 an hour as an assistant weightmaster. He accepted a retirement effective June 29, 1990, with the stipulation that he remain in a substance abuse program for the month of June. If he had not accepted the option of resignation with medical treatment, he would have been terminated by Appellant for carrying a firearm at work, abuse of sick leave, excessive tardiness, and unauthorized absences from work.
The final incident which was proximate to Roberts' discharge was his arrest for carrying a firearm while on town property and while he was at work. There is a town ordinance against carrying firearms on town property. Roberts was suffering from post-trauma [sic] stress disorder (PTSD) and drug addiction at the time of his attendance problems. At least up until the time of the decision by the referee, Roberts was CT Page 10163 receiving methadone maintenance at the VA Hospital in West Haven.
Appellant appeals the board's decision to the superior court pursuant to General Statutes 31-249b. The appeal was filed with the board on May 24, 1991.
The Appellant avers that the Board of Review erred because the board (1) failed to find that Roberts engaged in repeated instances of willful misconduct, and (2) failed to find that Roberts was terminated for just cause. The specific questions raised by this appeal are (1) whether the board failed to make a finding of repeated acts of willful misconduct on behalf of Roberts, and (2) whether the board failed to make a finding of "just cause" concerning Roberts' termination.
AGGRIEVEMENT
"To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning and Zoning Board of Milford, 203 Conn. 317,321, 524 A.2d 1128 (1987). It is found that, since appellant's pecuniary interests have been directly, specifically, and adversely affected by the appellee's decision ordering appellant to render moneys to Roberts, appellant is aggrieved.
TIMELINESS
"At any time before the board's decision becomes final, any party, including the administrator, may appeal to the Superior Court. . . . 1" General Statutes 31-249b. The decision of the Board of Review was to become final on May 31, 1991. This appeal was timely filed on May 24, 1991.
EXHAUSTION
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board. General Statutes 31-248 (c), 249a(c). It is found that since the Board of Review has rendered judgment in this matter, the exhaustion requirements have been met.
I. THE UNEMPLOYMENT COMPENSATION ACT
The Unemployment Compensation Act provides for benefits pursuant to the criteria specified in General Statutes CT Page 1016431-235.
II. STANDARD OF REVIEW
"To the extent that an appeal, pursuant to General Statutes 31-249b, concerns findings of fact, the [superior] court is limited to a review of the record certified and filed by the Board of Review." United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id.; Burnham v. Administrator, 184 Conn. 317, 321, 439 A.2d 1008 (1981). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found, or could not reasonably or logically have followed from such facts." United Parcel Service, Inc., 209 Conn. at 385. "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." Id.; Fellin v. Administrator, 196 Conn. 104, 112-13 (1985).
"As a general rule, the application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." United Parcel Service, Inc. v. Administrator, 209 Conn. at 386 (citing Burnham, 184 Conn. at 323). Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. DaSilva v. Administrator, 175 Conn. 562, 564 (1978), Bridgeport Metal Goods Mfg. Co. v. Administrator, 2 Conn. App. 1, 3,475 A.2d 329 (1984).
III. WILLFUL MISCONDUCT
The appellant town argues that the board should have found that Roberts committed willful misconduct and, therefore, Roberts should not have received benefits.
An individual shall be ineligible for benefits if his discharge was the result of repeated willful misconduct. General Statutes 31-236 (a)(2)(B); Rivera v. Administrator,1 CTLR 508 (April 17, 1990, Hurley, J.). The Appeals Referee found that the appellant was ready to terminate Roberts if the union had not worked out a plan where he could retire and thereby maintain some income for his family.
The Appeals Referee came to the conclusion that, since CT Page 10165 Roberts had no choice in the matter of his "separation," the question raised by the appeal was whether or not the employer terminated him for repeated acts of willful misconduct. In so ruling, the referee determined that just cause is not an issue.
According to the Appeals Referee, Roberts was effectively terminated for a number of documented infractions, including carrying a firearm on town property where he worked. The Appeals Referee held that, although that final incident was an act of willful misconduct, it does rise to the level of "felonious misconduct" due to: (1) the lack of evidence showing that Roberts' handgun was unregistered, or (2), the lack of evidence showing that Roberts had no right to carry a firearm (but for the town ordinance which he violated).
The referee found that the other prior acts of misconduct consisted mainly of Roberts' attendance problem, which Roberts claimed were a result of his drug addiction and PTSD. The referee cited an opinion by the Employment Security Board at Review stating: "[W]e consider conduct arising from the claimant's compulsion to use drugs to be lacking a volitional element of willfulness." Cosgrove v. U.S. Postal Service, 619-VR-89, Dec. 29, 1989. Based upon the rationale of this holding, the referee ruled that the appellant terminated Roberts for a final act of willful misconduct (the ordinance violation) which does not rise to the level of felonious misconduct. In short, since the attendance problems were the result of substance abuse, they were not "willful"; therefore, there were no prior acts of "willful" misconduct.
Since this court is bound by the factual determinations of the board below, it must abide by the finding that Roberts' attendance problems were attributable to his drug addiction. In accordance with the Cosgrove, supra, and Ramsey, supra, decisions, conduct directly resulting from drug addiction cannot be categorized as "willful" conduct. It is clear that the board's conclusion that there were no repeated acts of willful misconduct on Roberts' part is not unreasonable or arbitrary and should stand.
IV. JUST CAUSE
The appellant town argues that the board should have found that Roberts was dismissed for just cause and, therefore, Roberts should not receive unemployment benefits.
General Statutes 31-236 (a)(2)(B) provides that an individual shall be ineligible for unemployment compensation benefits if it is found, inter alia, that he was discharged or suspended for repeated willful misconduct in the course of his CT Page 10166 employment, felonious conduct, or for "just cause." The statute defines "just cause" as a single act of willful misconduct in the course of an individual's employment which seriously endangers the life, safety, or property of his employer, fellow employees, or the general public.
According to the Appeals Referee, "[s]ince the claimant [Roberts] had no choice in the matter of his separation, the question raised by the appeal must be whether or not the employer [appellant] terminated the claimant for repeated acts of willful misconduct." (Referee's decision, p. 3.)
The referee further stated in reference to the firearm incident, "the employer terminated the claimant for a final act of willful misconduct which is a single act which does not rise to the level of felonious misconduct." (Referee's decision, p. 3.) Nowhere in the referee's opinion, however, did he make a finding concerning the existence or absence of just cause as required by 31-236. While the opinion does quote the relevant statutory language regarding "just cause," it entirely fails to address the issue. The referee fails to determine whether or not the firearms incident was one which "seriously endangers the life, safety or property of [Roberts'] employer, fellow employees, or the general public." General Statutes 31-236.
Since "just cause" has not been addressed, the court remands this case back for the determination of the issue just cause as per General Statutes 31-236 and outlined in this opinion.
W. JOSEPH McGRATH, JUDGE