[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Meriden Zoning Board of Appeals (hereinafter the Board) whereby the Board denied the application of the plaintiffs, who applied to the Board for a special exception pursuant to Section 430.2.2(10) of the Meriden Zoning Ordinance.
The application pertained to 90 Cottage Street, Meriden, Connecticut, which is owned by the plaintiffs Thomas J. Kerr and Susanne Kerr.
Originally the plaintiffs applied for a special exception on February 12, 1990 to establish an executive office. On April 3, 1990 the Board voted to deny the plaintiffs' application, and on April 9, 1990, a notice of said decision was published in the Meriden Record-Journal.
The plaintiffs appealed said decision on April 17, 1990 and alleged that the Board, in denying their application, acted illegally, arbitrarily and in abuse of the discretion vested in them.
Section 430.2.2(10) states as follows:
 [10] An existing residential building not less than fifty (50) years old which is historically notable in accordance with any or all of the following standards:
 (a) Uniqueness of the structure; (b) The distinctiveness of the architectural character CT Page 2424 of the structure; (c) The historical significance of the structure;. . . subject to the following conditions:
 5. The Board must be satisfied with the historical significance of the building as explained in a written statement presented by the applicant. The ZBA may take into consideration the recommendations of any city agencies or outside specialists which it consults, such as, but not limited to, the Meriden Historical Society.
The Board concluded that the structure did not comply with Section 430.2.2(10)(a) and (b).
The appeal was referred to the Hon. Robert Burns, who rendered a decision on February 28, 1991. Judge Burns noted that the plaintiffs contend that the denial of grounds (a) and (b) of said section, implies approval of (c) i.e., historical significance. Judge Burns held that
 "A plain reading of the section shows that all the applicant must do to qualify the structure is to satisfy the Board as to any one of the three standards. The Board has failed to act with respect to the third ground. Until the Board has completed its action, this court cannot review its findings."
Based on this finding, the matter was remanded to the Board for it to determine whether the structure met requirement (c) i.e., historical significance.
On June 12, 1991, the Board met, pursuant to the directive by Judge Burns, to reconsider its decision, and voted to confirm its earlier denial.
At the special meeting on June 12, 1991, the chairman of the Zoning Board of Appeals explained the item and reason for the meeting in the following manner:
 Kerr requested to be considered (Appeal #2900) under the Historic Preservation section of the zoning regulations to convert a single family home to an executive office in an R-2 zone. This application was denied on April 3, 1990 because it did not comply with criteria "a" (uniqueness of structure) or "b" (distinctiveness of the architectural structure) of Section 430.2.2(10) of the zoning regulations. Mr. Kerr appealed this decision to the Meriden Superior CT Page 2425 Court. The court then sent the application back to the ZBA to make a determination on criteria "c" (historical significance). The court also allowed evidence regarding this issue of historical significance to be submitted to the Board by opposing sides. Therefore the only issue the Board is to consider tonight is the historical significance of the building.
The Board discussed the historical significance of the structure. Subsequent to reviewing the testimony and evidence submitted, the Board determined that there was nothing to classify the building or its environs as historically significant. Accordingly the Board voted to deny the applicants' claim that the building was historically significant pursuant to section 430.2.2(10)c of the regulations.
A notice of said decision was published in the Meriden Record-Journal on June 26, 1991. Said notice states as follows:
 A Special Meeting of the Zoning Board of Appeals was held on Wednesday, June 11, 1991 at 6:30 p.m. in Room 128, City Manager's Conference Room, City Hall, Meriden, Connecticut at which the following decision was rendered:
 Kerr vs. ZBA regarding 90 Cottage Street — The Board unanimously voted to deny the applicant's claim that the structure is historically significant per Section 430.2.2 (10) (criteria "C") of the zoning regulations and thereby confirm the Board's previous denial of Appeal #2900.
The plaintiffs, by complaint dated July 5, 1991, have appealed said decision.
 II
In their appeal from the Board's decision the plaintiffs assert the following:
 8. The Zoning Board of Appeals, in denying the Plaintiffs' application, acted illegally, arbitrarily, and in abuse of the discretion vested in it in the following ways:
 (A) The Zoning Board of Appeals denied the application of the Plaintiffs notwithstanding that all criteria of Section 430.2.2(10) of the Meriden Zoning Ordinance were met by the Plaintiffs.
CT Page 2426
 (B) The Zoning Board of Appeals ignored the evidence of the Plaintiffs presented at the original hearing on said matter at the meeting of June 11, 1991, notwithstanding that said evidence was clear, convincing and undisputed, and consisted of the following additional items presented on June 11, 1991:
 (1) Correspondence from Plaintiffs' attorney listing other properties for comparison which had already been qualified by the Zoning Board of Appeals under the Historic Preservation Ordinance.
 (2) Statement from Daniel Webster Lyon, Architect, including attachments from the Meriden Historical Society, the Connecticut Historical Commission, and an "Historic Resources Inventory" from the Connecticut Historical Commission.
 (C) The Board failed to treat the Plaintiffs' application in the same manner as it had treated other applications before it with respect to the Historic Preservation Ordinance, and thus denied the Plaintiffs equal protection of the law as required by the Constitutions of the United States of America and the State of Connecticut.
 (D) In deciding that the Plaintiffs' property did not comply under the Historic Preservation Ordinance notwithstanding clear and convincing evidence to the contrary and notwithstanding its decisions with respect to other similar properties, the Defendant Board apparently determined that the location of 90 Cottage Street was not an appropriate location for an executive office. Said determination was not within the province of the Zoning Board of Appeals since the Zoning Commission of the City of Meriden had already designated the street on which the Plaintiffs' property is located as being within the limited number of streets to which the Historic Preservation Ordinance would apply.
 (E) In substituting its judgment for the judgment of the Zoning Commission with respect to the appropriateness of the Plaintiffs' CT Page 2427 property for inclusion in the Historic Preservation Ordinance, the Board exceeded the authority delegated to it under the Zoning Ordinance of the City of Meriden.
 III
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317.
Pursuant to the first appeal, Case No. CV90-0235654S, the court, Burns, J., held a hearing on February 13, 1991 and found the plaintiffs to be aggrieved by the action of the Board as owners of the property. Bossert Corp. v. Norwalk, 157 Conn. 279. This court upholds that determination and finds aggrievement.
Also, relative to the instant case, Thomas Kerr testified on March 5, 1992 that he is the owner of 90 Cottage Street, Meriden, Connecticut. This fact has been documented by submission of plaintiff's Exhibit 1, which is a copy of a warranty deed from Robert F. Lariviere, Jr. to Thomas J, Kerr and Susanne Kerr.
 IV
In considering the plaintiffs' application, the Zoning Board of Appeals was required to apply Section 430.2.2(10), referred to as the Historic Preservation Ordinance. The section allows the conversion of a single family residence to an executive office by way of a special exception.
The section provides:
 [10] An existing residential building not less than fifty (50) years old which is historically notable in accordance with any or all of the following standards:
 (a) Uniqueness of the structure; (b) The distinctiveness of the architectural character of the structure; (c) The historical significance of the structure; . . . subject to the following conditions;
 5. The Board must be satisfied with the historical significance of the building as explained in a written statement presented by the applicant. The ZBA may take into consideration the recommendations of any city agencies or outside specialists which it consults, such as, but not limited to, the Meriden Historical Society.
CT Page 2428
The Board, by virtue of its original hearing, and hearing on remand, concluded that the applicants did not satisfy conditions (a)(b) or (c). Burns, J., in his decision of February 28, 1991 stated that the Board held a hearing on the application and on April 3, 1990 voted to deny the application because in the opinion or the Board, the structure did not comply with (a) and (b) of said section.
In the initial appeal, case #235654, return of the record III, the City of Meriden's planning staff made the following comments:
 Staff is opposed to this special exception, Section 430.2.2.(10) specifically requires that `parking in the front yard shall be prohibited', therefore the proposed parking in Liberty Street front yard must be eliminated. The applicant cannot meet the requirements of Section 820 with regard to the number of required spaces. Staff feels strongly that this section should not be varied because the result of such a variance would be a change to the residential character of the neighborhood.
 If the applicant (were) to reconfigure the parking, they must provide parking for the square footage of the entire structure. Failure of the applicant to provide parking per the regulations should result in a denial of the Special Exception. Finally, the use of this entire structure for an office use, is out of character with the surrounding neighborhood uses and should therefore not be approved.
In contemplating special exception, the Board must also consider section 213-5C[1110] entitled Special Exceptions and section 213-59[1220] Rendering of Decision — said sections provide as follows:
Section 213-56.[1110] Special Exceptions.
 B. [1110.2] Special exception objectives. In evaluating a special exception application, the Zoning Board of Appeals shall take into consideration the health, safety and welfare of the public, in general, and the immediate neighborhood, in particular, and may prescribe reasonable conditions and safeguards to ensure the accomplishment of the following objectives:
 [1110.2.2.] Harmony with development. That the proposed use is of such location, size and character that, in general, it will be in harmony with the appropriate and CT Page 2429 orderly development of the district in which it is proposed to be situated, will not tend to depreciate the value of property in the neighborhood and will not be detrimental to the orderly development of adjacent properties in accordance with the zoning classification of such properties.
Section 213.59.[1220] Rendering of Decisions
 A. [1220.1] In granting any variance or special exception, the Board may prescribe any conditions applying thereto that it may deem necessary or desirable.
 B. [1220.2] Decision of the Board shall be made in accordance with the purpose and spirit of these regulations. In addition to this general rule, no special exception will be granted unless the following requirements are satisfied:
 (1) The new use will not create a traffic or fire hazard.
 (2) The new use will not block or hamper the town pattern of highway circulation.
 (3) The new use will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental or aggravating to the neighborhood's essential characteristics.
 VI
The plaintiffs have the burden of proof in challenging the commission's decision. Red Hill Coalition v. Conservation Commission, 212 Conn. 710, 718 (1989).
The court is only to determine whether the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573 (1988). The court determines whether the record reasonably supports the conclusions reached by the commission. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 (1989). The action of the commission should be sustained if any one of the stated reasons is sufficient to support the action. Id.
The Board addressed the appropriate standards in the regulations and concluded that the plaintiffs' building was neither unique nor of a distinctive architectural character nor was it historically significant. CT Page 2430
In making a determination as to a special permit, the Board must consider the standards provided in the regulations. The court finds that the opinion of the Board in denying the instant application is supported by the record.
"It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing; . . .; as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Stankiewicz v. Zoning Board of Appeals, 15 Conn. 729.
In reviewing the record, this court cannot conclude that the action of the board in the instant case was contrary to law. The court finds the decision of the Board is supported by the record.
In such appeals, the burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. Here, the court finds that the plaintiffs have not sustained their burden of proof.
Accordingly, the plaintiffs' appeal is hereby dismissed.
STENGEL, JUDGE