[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Marcia Munro, is the neighbor to the south of the defendant, Michael Romei. Both properties are situated facing Long Island Sound and are located in a R-3 district in the town of East Haven. The defendant's property is situated lower and closer to the water than the surrounding neighbors. Most of the properties, and certainly the defendant's property, are pre-existing nonconforming uses. The defendant's property fails to meet the current R-3 district requirements as those requirements CT Page 4489 relate to side yard, square footage of the lot, and rear set back. There is an existing cement deck which extends toward Long Island Sound and to the property line of the plaintiff.
The defendant made an application to the zoning board of appeals to create a raised deck in front of his home.
The defendant has submitted three applications for variances which are relevant to the present case. The first application was submitted on January 27, 1994 and denied by the zoning board of appeals. That application requested the following variances:
 Side Yard (north) required 20 feet, proposed 18 feet, variance 2 feet.
 Side Yard (south) required 20 feet, proposed 5.2 feet, existing 6.2 feet, variance from nonconformity 1 foot.
 Rear Yard required 30 feet, proposed 17 feet, variance 13 feet.
Lot Coverage required 20% proposed 26% variance 6%.
The defendant then filed a second application for a variance which was identified as application 94-014 dated March 2, 1994. That application requested a north side yard variance but in the discussion of the application it became clear that an additional variance on the south side was needed before the defendant could complete his project. Accordingly, he requested a third variance in combination with the second variance. The third variance was identified as 94-029 dated on March 30, 1994. In addition to the request in 94-014, the new request asked for a south side yard variance from 20 feet to 5 feet on the south side.
AGGRIEVEMENT
Although there was some argument at trial concerning the plaintiff's aggrievement, in a post trial brief the defendants have conceded aggrievement. In addition, recognizing that aggrievement may not be stipulated to, the court finds that the plaintiff satisfies the requirements of statutory aggrievement by reason of ownership of property within 100 feet of the defendant's land.
The word "owner" has no fixed meaning but must be interpreted in its statutory context, Smith v. B Z, 203 Conn. 317 (1987), CT Page 4490 where the court held that a life tenant was a person "owning land" within the meaning of Conn. Gen. Stat. 8-8.
The evidence on aggrievement presented by the plaintiff was an ownership interest in two properties which abut the defendant's property. The plaintiff owns a one-half interest in 110 Morgan Avenue by virtue of being the devisee of her father's half interest in the property under the terms of his will. She owns the other half as trustee for a trust in which her daughter, Elizabeth, is the beneficiary. The plaintiff also testified that she was the owner of property at 114 Morgan Avenue as a result of being the sole beneficiary and devisee of property under her mother's will. Although her mother's will continues to be the subject of current probate proceedings, title to real property passes upon death to the heirs of the owners subject to the right of administration.Satti v. Rago, 186 Conn. 360, 365 (1982); Kerin v. Stangle,209 Conn. 260, 267 (1988).
The court finds that the plaintiff has an ownership interest in each of the two properties and that each of the properties lies within 100 feet of the defendant's land so that the plaintiff is statutorily aggrieved.
SIMILARITY OF APPLICATION
The defendants attempt to compare the denied application 94-002 to application 94-014 and claim that there is sufficient difference between the two applications to warrant a difference in result. However, the court agrees with the plaintiff that the fair comparison is between the denied application 94-002 and the two applications designated as 94-014 and 94-029 each of which was granted. When the first application is compared to the combined second and third applications which were granted, one finds in each case a north side yard variance of 2 feet, a south side yard south variance of 1 foot, a rear yard variance of 13 feet, and a lot coverage variance of 6% in the first application and 1% in the second application. However, in fact, only a 1% variance was needed in either case and the request for 6% resulted from a misreading of the allowed lot coverage so that as a practical matter the first application and the combined second and third applications each asked for a 1% variance.
Courts have adhered to the principle that a zoning board of appeals should not be permitted to revoke its former action unless there has been a change in conditions or new considerations CT Page 4491 materially affecting the merits of the subject matter under consideration. Only when a change of conditions has occurred since the prior decision or other conditions which materially affect the merits of the subject matter have intervened can a decision be changed. Whitting v. Zoning Board of Appeals, CV 92-0340789-S (Superior Court J.D. of New Haven February 15, 1994). The Whitting
decision rendered by this court is supported by the Appellate Court decision in Haines v. ZBA, 26 Conn. App. 187, 192 (1991).
In each of the three variance applications the reason for the proposed variance was listed as follows:
 "The changes to the property are in harmony with the general purpose and intent of the regulations and will conserve the public health, safety, convenience, welfare and property values involved. The lot and the dwelling house were created and developed before zoning was adopted, (please note: the lot is approximately 50% the size required in this zone). Therefore, the exceptional difficulty or undue hardship originates in the regulations. The proposed minor changes are need (sic) in order to make reasonable use of the property given its size relating back to its original development. The deck is merely a vertical expression of an already existing terrace. The present terrace is not readily accessible.
 Therefore, substantial justice will be done, and the public safety welfare will be secured, by the granting of the variance."
The court sees no substantial difference between the first application which was denied and the combination of the second and third applications which were granted. Accordingly, for the reasons set forth by the Supreme Court in Mitchell Land Co. v.Planning and Zoning Board of Appeals, 140 Conn. 427 (1953); for the reasons set forth by the Appellate Court in Haines v. ZBA, 26 Conn. App. 187
(1991) and for the reasons set forth by this court inWhitting v. Zoning Board of Appeals, CV92 0340789-S (Sup. Court J.D. of New Haven, February 15, 1994) the court agrees with the plaintiff that having first denied the variance there is no substantial change in circumstances or in the area which justifies the later granting of the combined second and third variances. For this reason the appeal of the plaintiff is sustained, and the action of the zoning board of appeals in granting the variance is declared null and void. CT Page 4492
THE MERITS OF THE GRANTING OF THE VARIANCE
It does not appear to the court that the reasons advanced by the applicant to justify the granting of the variance would support the granting of the variance or finding of hardship even if those reasons were found to be true. Because of some comments made by counsel for the applicant at pages 5, 6, and 31 of transcript for the hearing of April 17, 1994 and also because of some comments made by members of the commission in the transcript of the voting in case 94-029, the defendants at trial largely abandoned their original reasons for the requested variance and argued that the subject property was uniquely situated so as to be specially affected by tidal surges. The defendants then argued that the real purpose of the proposed deck is for protection against these tidal surges.
It is the court's holding that the record before the zoning board of appeals would have justified it in finding that the affected property was subject to being especially affected by tidal surges. There was sufficient evidence to support the conclusion that these properties were uniquely situated so as to need protection. However, the court also finds that there is not in the record sufficient evidence that the deck would protect from tidal surges to support the conclusion that there is a unique hardship requiring this deck. Equally important, there was no claim of a hardship relating to tidal surges at the time of any of the three applications. Not only does the evidence fail to satisfy the court that the deck would protect against tidal surges, but the issue of tidal surges was not even fairly before the zoning board of appeals when its opinion was rendered. For this reason also, the court sustains the appeal and finds that the record fails to justify the variance.
The question of whether the subject property needs protection against a tidal surge and whether a variance would be appropriate for a sea wall or even a deck if it could be shown to have a significant useful purpose in protecting against tidal surges, is not before the court and is not subject to decision at this time.
The appeal of the plaintiff Marcia Munro is sustained.
The Court
By Kevin E. Booth, Judge CT Page 4493