[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant, the Zoning Board of Appeals of the city of Norwalk (ZBA), granting CT Page 4168 the application for a Special Exception to Gordon Brown (Brown). Brown owned two adjoining parcels of land, the first of which contained his home. Brown desired to sell the second lot as a parcel capable of being developed. However, due to a 1989 zoning revision,[1] both lots were rendered nonconforming. Therefore, in order to be able to build a residence on the second lot, a Special Exception was required.
Brown lost his first hearing concerning the Special Exception. However, that hearing was nullified due to the lack of a verbatim transcript, as required by General Statutes §8-7a, see General Statutes § 8-8 (i)(2). In the second hearing, Brown obtained the Special Exception. The plaintiff, John J. Kelly (Kelly), appeals that decision to this court.
Aggrievement is a jurisdictional matter and it is a prerequisite to maintaining an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987). Plaintiff, as an abutting landowner, is automatically aggrieved and has standing to appeal the ZBA's decision pursuant to General Statutes §8-8 (a)(1).
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached."Primerica v. Planning Zoning Commission, 221 Conn. 85, 96,558 A.2d 646 (1989). CT Page 4169
The ZBA hearing dealt with the question of merger. "Contiguous land all owned by the same proprietor does not necessarily constitute a single lot. . . . [W]hether a merger of contiguous parcels of land has occurred depends on the intention of the owner and that . . . issue is [a] factual [one] . . . ." (Citations omitted; internal quotation marks omitted.) Carbone v.Vigliotti, 222 Conn. 216, 227, 610 A.2d 565, (1992). The parties have agreed that if it was shown that there was never an intent to combine the two lots then the Special Exception was properly granted.
Therefore, the issue before this court is whether the ZBA's ruling that Brown did not intend to merge the two lots was supported by the record.
The plaintiff advances three arguments for overturning the ZBA's decision. First, the plaintiff claims that the ZBA misinterpreted Brown's intent regarding the merger of the two properties. The plaintiff focuses on a deck, built by Brown on the first lot, which extends close enough to the second lot to warrant a variance, due to the setback protection the second lot would enjoy against proximal development on the first lot. This argument simply disputes the weight given this piece of evidence by the ZBA and does not show that its decision was unreasonable, arbitrary, or illegal. This court is only to decide whether the record that was before the ABA supports its decision, not whether this court, or the plaintiff, would have reached the same conclusion. Primerica v. Planning Zoning Commission, supra,211 Conn. 96.
The plaintiff's second argument references the ZBA's first hearing which was subsequently nullified. Any occurrences in the first hearing are inapplicable to the current appeal.
Lastly, the plaintiff claims that the ZBA was unduly influenced by its sympathy for Brown. Assuming this is correct, there are several viable reasons given by the board for the decision in favor of Brown. "The [decision] must be sustained if even one of the stated reasons is sufficient to support it . . . ." (Internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 208, 658 A.2d 559 (1995). The remaining reasons stated by the ZBA are sufficient to support its conclusion that Brown never intended to merge the two adjoining lots.[2]
CT Page 4170
Plaintiff has not met his burden of proving the ZBA acted improperly. Therefore, plaintiff's appeal is dismissed.
NADEAU, J.