[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court is in receipt of an appeal filed with the Appellate Court in the above matter. Since the court has not been advised otherwise, the court assumes that the Appellate Court has granted certification to appeal and, therefore, the trial court chooses to comply with Practice Book § 64-1 by filing this memorandum of decision.
This is an affordable housing appeal, first scheduled to be heard before the court on January 31, 2000. On that day, both sides appeared by counsel and appellant, Trimar Equities, LLC, was unable to show aggrievement. At plaintiffs request, the matter was continued to March 21, 2000, so that plaintiff would have time to assemble the necessary documentary evidence which, plaintiff assured the court, would show ownership at relevant times of the property for which the affordable housing application had been made. CT Page 11078
At the hearing on March 21, 2000, plaintiff appeared with additional counsel, and attempted to prove ownership of the property for which the affordable housing application was filed, but failed to do so. There was testimony, to the effect that an entity known as SC Communications had a contract of sale dated December 9, 1997, with the owner of the property in question. That contract provides that an assignment of SC Communications' interest could only be made with prior written consent by the owner. That consent was never shown to the court nor was an assignment of SC Communications' interest shown. Consequently, the plaintiff was unable to prove any interest in the property. On April 4, 2000, by motion to reargue dated March 30, 2000, plaintiff moved to reargue, claiming for the first time that Connecticut General Statutes § 8-30g did not require proof of aggrievement. The court denied the motion for reargument.
Assuming, arguendo, that plaintiff is entitled to raise, on a motion to reargue, claims which were not made at the prior hearing, the court will deal with all issues raised, without suggesting for a moment that the court thinks that the plaintiff, by failing to make these arguments on either January 31, 2000 or March 21, 2000 has not waived them. Indeed, paragraph 7 of plaintiff's complaint alleges that it is aggrieved by virtue of its interest in the property.
As the finder of fact, it is the opinion of the court that the plaintiff failed to prove ownership of the property in question. Plaintiff's evidence was not credible on many points.
On the legal issue as to whether aggrievement is required at all in an affordable housing appeal, plaintiff apparently bases its argument on the language of § 8-30g which states in relevant part:
 "Any person whose affordable housing application is denied . . . may appeal such decision pursuant to the procedure of this section."
What plaintiff is arguing is that anyone, regardless of that person's connection to a particular piece of property, can file an affordable housing application with a zoning commission and, upon lack of success, file an appeal with the Superior Court at which appeal the municipality would have the burden of proof to show why it was justified in denying the application. This, it is clear, flies in the face of the common law tradition that courts refuse to deal with moot issues.
What is meant by § 8-30g is that a person whose affordable housing application is denied "may appeal such decision pursuant to the proceduresof this section." The plain meaning of that is that an aggrieved
CT Page 11079 applicant who has been unsuccessful with an affordable housing application has the right, by virtue of the fact that what was denied was an affordable housing application, to have its appeal processed "pursuant to the procedures of this section" (i.e., the affordable housing provisions of § 8-30g). In other words, a person who has had an affordable housing application denied can appeal under 8-30g, with the benefit of the burden-shifting procedures established by the legislature for affordable housing appeals. The statute does not say, nor can it be reasonably construed to mean, that no proof of aggrievement is necessary. "Except as otherwise provided in [§ 8-30g], appeals involving an affordable housing application shall proceed in conformance with the provisions of . . . sections 8-8, 8-9, 8-28, 8-30, or 8-30a, as applicable." General Statutes § 8-30g (b). "The reference of § 8-8
and the wording of the first sentence of § 8-30g (b) clearly suggest to this court that even though the word "aggrieved" was not used by the legislature, Connecticut common law applies to these appeals. Frumentov. Planning and Zoning Commission, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 395813 (July 21, 1993, Berger, J.) Vineyard Construction Management Corp. v. Trumbull, Superior Court, Judicial District of New Britain, Docket No. 492251 (July 23, 1999, Koletsky, J.). A person is aggrieved if he is affected "directly or in relation to a specific, personal and legal interest in the subject matter of the decision, . . . [and is] specifically and injuriously affected as to property or other legal rights. . . . "Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). Because aggrievement was not proved, the appeal was dismissed.
Koletsky, J.