CAROL COYLE vs. ARTHUR A. SWANSON.

Suffolk. October 2, 1962. — November 7, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Motor Vehicle*, Registration, Ownership. *Bailment. Statute*, Retroactive
statute. *Words*, "Owner."

The rights and liabilities arising from a collision on July 30, 1959, in-
volving an allegedly illegally registered automobile were not governed
by the amendment of G. L. c. 90, § 9, by St. 1959, c. 259, not then in
effect and not retroactive in its operation. [127]

Where the owner of an automobile gave to a friend, without consideration,
possession of the automobile and the right to use it on the highways free
of control by the owner during an extended trip abroad of the owner,
the friend became a bailee of the automobile with a special interest
therein sufficient to entitle him to register it in his own name as "owner"
legally under G. L. c. 90, §§ 1, 2. [127–128, 129–130]

TORT. Writ in the Superior Court dated April 5, 1960.

A demurrer to the declaration was overruled by *Smith, J.*,
and the defendant alleged an exception. The action was
referred to an auditor and was heard on his report by
*Lurie, J.* The plaintiff alleged exceptions to the denial of
her motion for judgment on the report and to the allowance
of the defendant's motion for judgment thereon.

*William S. Monahan* for the plaintiff.

*Daniel F. Featherston, Jr.*, for the defendant.

WHITTEMORE, J. This is an action of tort for personal
injuries sustained by the plaintiff when an automobile
owned by the defendant and registered and driven by Rob-
ert B. Sullivan, in which the plaintiff was a passenger, col-
lided with a stone wall in Lincoln shortly after midnight
July 30, 1959. The auditor found for the plaintiff on the
ground that the defendant's automobile at the time of the
accident was illegally registered and hence a trespasser on
the highway. *Dudley* v. *Northampton St. Ry.* 202 Mass.

443.  *Harnden* v. *Smith,* 305 Mass. 485.  *Comeau* v. *Harrington,* 333 Mass. 768.  The trial judge, in allowing the defendant's motion for judgment on the report, rightly ruled to the contrary, accepting, we assume, as do we, the defendant's contention that Sullivan was also the ''owner'' of the automobile within the meaning of G. L. c. 90, §§ 1, 2, and hence that the automobile was legally registered.

We reach this issue notwithstanding the defendant's exception to the overruling of his demurrer.  Statute 1959, c. 259, which added to G. L. c. 90, § 9, the provision which wiped out the trespasser upon the highway doctrine, was approved May 4, 1959; it contained no emergency preamble; it is not a law which ''relates . . . to the powers . . . of courts'' (art. 48 of the Amendments to the 'Constitution of Massachusetts, The Referendum, III, § 2) ; it was not, therefore, effective prior to ninety days after enactment (art. 48, *ibid.,* The Referendum, I) ; it became effective August 2, 1959, after the accident; it was not retroactive in operation.  *Ostertag* v. *Cahalin,* 343 Mass. 523.  Hence, the law as it stood on July 30, 1959, when the accident occurred gave a basis for the action.

The defendant, Swanson, before leaving for a year's trip in Europe on August 25, 1958, told his friend Sullivan that he could use the car until Swanson's return, with the understanding that Sullivan would store it if and while he should be in military service.  Sullivan took possession of the car on August 25; it remained registered in Swanson's name until the end of 1958.  In early 1959, Sullivan, after his release from army service, wrote Swanson that he was going to register the car in the latter's name; Swanson cabled Sullivan to register and insure it in Sullivan's name if he wanted to use it.  About May 11, 1959, Sullivan applied for insurance and registered the car in his name.  There was no lease or bill of sale; Sullivan paid no money for the use of the car; it remained in Swanson's ownership, and after the accident, in which Sullivan was killed, Swanson paid the storage charges on the car and sold it.

The conclusion of the auditor that so far as it was a question of fact there was no bailment was, we conclude, based

only on the subsidiary facts found. *Cohen* v. *Garelick,* 344 Mass. 654, 659. Those facts, however, show that Sullivan was in law the bailee of the automobile. *Nash* v. *Lang,* 268 Mass. 407, 414. Swanson's delivery conferred upon Sullivan "the right to use and enjoy possession [of the car] free from control by . . . [Swanson], subject to the obligation to do so with care, with due regard to its nature and characteristics and its preservation in safety, and to return it in good order barring unavoidable casualties . . . ." *Ibid.* p. 414. Thus, Sullivan had a bailee's "special interest" within the definition in the *Nash* case which held that a bailment existed when a wife loaned her car to her doctor husband to make his professional calls.

It is to be noted that the original provision for registration of an automobile by a "person in control thereof" as well as by the owner (St. 1903, c. 473, § 1) has not appeared in the statutes since the enactment of St. 1909, c. 534, § 2. But there has been no narrowing of the meaning of "owner." This court has observed in another connection that the "word 'owner' is not a technical term. It is not confined to the person who has the absolute right in a chattel, but also applies to the person who has the possession and control of it." *Keith* v. *Maguire,* 170 Mass. 210, 212 (notice to husband of sale by bailee of goods of wife, stored with her consent by husband in his name, is adequate notice to "owner"). In our decisions the term "owner" in G. L. c. 90 has been thus broadly construed and has been recognized as inclusive of those having interests other than full legal and beneficial title. *Downey* v. *Bay State St. Ry.* 225 Mass. 281, 284. *Hurnanen* v. *Nicksa,* 228 Mass. 346, 350. (Both cases hold that a conditional vendee may register as owner.) *Temple* v. *Middlesex & Boston St. Ry.* 241 Mass. 124, 125 (conditional vendor). *Harlow* v. *Sinman,* 241 Mass. 462, 463–464 (part owner).

In the *Downey* case it was said that a bailee's interest was also within the term. The court said (p. 284): "The words 'person in control thereof' found in the earlier enactments obviously embrace a class of persons who may

have no general or special property in the motor vehicle they are operating, while the word 'owner' includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contracts of sale who have acquired a special property which confers ownership as between them and the general public for the purposes of registration.'' The statement in respect of bailees has been in substance repeated in the subsequent cases above cited and also in *Caccavo* v. *Kearney,* 286 Mass. 480, 484, where the case was decided on the assumption that the registrant was not a bailee.

That a motor vehicle may be registered in the name of a person having a special property therein as well as in the name of the person who has the general property in it is recognized in *Squires* v. *Fraska,* 301 Mass. 474, 476. See *Crompton* v. *Williams,* 216 Mass. 184. Special property as a basis for registration was recognized in *Hyland* v. *Hyland,* 278 Mass. 112, 119, and *Middlesex Mut. Fire Ins. Co.* v. *Fireman's Fund Ins. Co.* 336 Mass. 315, 319.

A purpose of the requirement of registration in the name of the owner, although not the sole purpose, is ''to provide identification for the benefit of travellers injured on the highway.'' *Harlow* v. *Sinman,* 241 Mass. 462, 464–465. Registration by a bailee in control of and with the right to operate the car serves this purpose.

Statute 1952, c. 266, § 2, added to c. 90, § 1, this definition: '' 'Owner' shall include, but not be restricted to, any lessee or bailee of a motor vehicle registered in another state or country, and having exclusive use thereof under lease or otherwise for a period greater than thirty days in the aggregate within a calendar year.'' This statutory definition does not expressly or impliedly modify the definition of ''owner'' expressed in the several decisions of this court; indeed, there is in the statutory omission of any attempt to modify the judicial definition evidence of legislative recognition of it.

We rule that the special interest less than full ownership which permits legal registration includes a bailment as de-

fined in *Nash* v. *Lang,* 268 Mass. 407, at least, if for an extended period. Compare *Baughman* v. *Milstone,* 144 Md. 223 (a hirer for two or three days may not register). A bailment adequate to permit registration requires a delivery with "the right to use and enjoy possession free from control by the bailor" (*Nash* case, p. 414). This must, of course, include the right to use the car on the highways. Obviously, for example, the special interest of an operator of a parking lot, though he is a bailee (*Doherty* v. *Ernst,* 284 Mass. 341, 344), would not support registration.

We do not suggest that registration by the bailee is required or that registration by the bailor only would be illegal. See *Squires* v. *Fraska,* 301 Mass. 474, 476.

> *Defendant's exceptions overruled.*
> *Plaintiff's exceptions overruled.*