LOUISE M. SMITH *v.* PLANNING AND ZONING BOARD
OF THE CITY OF MILFORD ET AL.
(2155)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued January 10—decision released April 16, 1985

*Stephen W. Struder,* with whom, on the brief, was *Richard J. Buturla,* for the appellant (plaintiff).

*Bruce L. Levin,* with whom, on the brief, was *Donald H. Blanchard,* for the appellee (named defendant).

*William B. Barnes,* with whom, on the brief, was *Lewis A. Hurwitz,* for the appellee (defendant Bic Pen Corporation).

SPALLONE, J. This is an appeal[1] from a judgment of the trial court dismissing the plaintiff's appeal from a decision of the defendant planning and zoning board of the city of Milford.

The plaintiff is a life tenant of real property, otherwise known as Caswell Springs Farm, located within a radius of one hundred feet of Caswell Street in Milford. In 1979, the plaintiff's husband conveyed Caswell Springs Farm to the defendant Bic Pen Corporation (hereinafter Bic), reserving a life estate in the premises for himself and his wife. In September, 1982, Bic filed an application with the board to change the name of Caswell Street to Bic Drive. At a public hearing on the application held on September 12, 1982, the plain-

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

tiff appeared and objected to the change of name. On October 5, 1982, the board voted to approve the application. The plaintiff appealed to the Superior Court from that action.

Bic moved to dismiss the appeal on the ground that the plaintiff's interest as a life tenant of property owned by Bic did not constitute "aggrievement" as required by our statutes. The trial court granted Bic's motion and dismissed the appeal, noting that the plaintiff's position as life tenant does not constitute record ownership so as to qualify her as an aggrieved person.

In the plaintiff's appeal from that dismissal, the dispositive issue is whether she, as a co-holder of a life interest in property, is a "person owning land" entitled to appeal under General Statutes § 8-8.[2] We find that she is.

General Statutes § 8-8 employs two criteria for the determination of whether a person has standing to appeal. A person must either be aggrieved by an official action or decision of a zoning board, or have the status of an owner of land abutting or within a radius of one hundred feet of any portion of the property involved in such action or decision. Those in the second category need not prove aggrievement independent of their status as owners of property bearing the necessary relation to property involved in the board's

---

[2] General Statutes § 8-8 provides in pertinent part: "(a) Any person or persons severally or jointly aggrieved by any decision of [a zoning board of appeals], or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

action. See *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 476, 408 A.2d 252 (1979).

The word "owner" is frequently used in our statutes and has no commonly approved usage or fixed meaning. The term must be interpreted in context according to the circumstances in which it is used. *Hope* v. *Cavallo,* 163 Conn. 576, 580, 316 A.2d 407 (1972). "The term 'owner' is one of general application and includes one having an interest other than the full legal and beneficial title. *Coyle* v. *Swanson,* 345 Mass. 126, 128, 185 N.E.2d 741 [1962]." Id., 580.

"A life estate is an interest in real property, the duration of which is limited by the life of some person. Such person may be the party creating the estate, the tenant himself, or some other person or persons. It may be for an indefinite period which may last for a life. It is of no consequence how uncertain the duration of the estate may be. If it can or may continue during a life, it is a freehold or life estate. It outranks an estate for hundreds of years, because it is said that no one knows how long a man may live. . . . It is held that a life estate in land is 'real property,' enabling the owner to sell or encumber it, and, if it be nonexempt property, it may be attached for the owner's debts or levied upon by execution and sold." 4 Thompson, Real Property § 1893.

In cases involving real estate, the term "owner" is generally defined with reference to title. *Warner* v. *Leslie-Elliott Constructors, Inc.,* 194 Conn. 129, 137, 479 A.2d 231 (1984); *Consolidated Diesel Electric Corporation* v. *Stamford,* 156 Conn. 33, 37, 238 A.2d 410 (1968). The standards governing marketability of title in our state are set forth in the Connecticut Marketable Title Act. General Statutes §§ 47-33b through 47-33*l*. Insofar as a life estate may be sold or encumbered, that act may be fruitfully examined for guidance

in determining those interests in land which our legislature has deemed sufficient to warrant its protection. General Statutes § 47-33e states that "any person dealing with the land" may take marketable record title. "Person dealing with land" is defined in General Statutes § 47-33b (d) as including "a purchaser of any estate or interest [in the land] . . . ." The plaintiff, as the holder of a life interest expressly reserved by recorded deed, is thus a person whose title is protected under the Connecticut Marketable Title Act. One who owns an interest sufficient to warrant such protection ought logically to be able to safeguard that interest through the avenue of appeal provided in General Statutes § 8-8.

All property is held subject to the police power; *State* v. *Hillman*, 110 Conn. 92, 105, 147 A. 294 (1929); and zoning rests upon the reasonable exercise of this power in the public interest. *Vartelas* v. *Water Resources Commission*, 146 Conn. 650, 657, 153 A.2d 822 (1959). Although "[t]he relative shortness in duration of an estate for life lessens the frequency with which the desires of the owner of such an interest clash with the communal will . . . [p]olice regulations of property use, for the preservation of public health, safety, morals and welfare, [nevertheless] concern him vitally." 2 Powell, Real Property § 203[1].

The purpose of zoning is to regulate property uses in conformance with a comprehensive plan in a manner to advance the public welfare. *Samp Mortar Lake Co.* v. *Town Plan & Zoning Commission*, 155 Conn. 310, 313, 231 A.2d 649 (1967). Because zoning legislation is in derogation of private rights, the legislature has provided various mechanisms to protect property owners against changes to which they object. *Steiner, Inc.* v. *Town Plan & Zoning Commission*, 149 Conn. 74, 76, 175 A.2d 559 (1961). The provisions of statutes designed to provide this protection must be construed in a way to safeguard individual rights as well as to

further the public interest. Id. Since the right of appeal created in General Statutes § 8-8 provides such a safeguard, we construe the words "any person owning land" to encompass one who owns a life estate.

Bic argues that the plaintiff is also not entitled to appeal in the absence of her husband, the co-holder of a life estate in the property. Although it appears that this argument was not raised in the trial court, we shall address it because, in our opinion, it is in the interest of justice between the parties to do so; *Kavanewsky* v. *Zoning Board of Appeals,* 160 Conn. 397, 401, 279 A.2d 567 (1971); and because this issue is likely to recur on remand. *Bank of Montreal* v. *Gallo,* 3 Conn. App. 268, 276, 487 A.2d 1101 (1985).

Our legislature has specifically addressed the question of joinder among cotenants. General Statutes § 52-77 provides that "[a]ny joint tenant or tenant in common of land may maintain an action in his own name for any injury thereto; but the nonjoinder of the other tenants may be shown by the defendant in reduction of damages, and the plaintiff shall only recover for the damage to his interest."

General Statutes § 8-8 states that "*any* person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision" may appeal. (Emphasis added.) The statute does not require that a person be an owner in any particular capacity or degree to bring an appeal from a decision of a zoning board. See *Hayden* v. *Zoning Board of Appeals,* 26 Conn. Sup. 168, 169, 214 A.2d 837 (1965). Thus, a co-owner of property who pleads a threatened injury to a specific proprietary interest therein has been held to have the right to appeal as an "aggrieved" person under the first prong of General Statutes § 8-8. Id., 170. We likewise find, under the second prong of that statute, that a co-owner of property is entitled to appeal

as an owner of land "which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . ."

There is error, the judgment for the defendants is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.