ANGELO IAGROSSE *v.* CHARLES CARLIN ET AL.
(6044)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued May 4—decision released September 20, 1988

*Gregory A. Sharp,* with whom, on the brief, was *Timothy H. Everett,* for the appellant (plaintiff).

*David M. Reilly,* for the appellee (named defendant).

*Clinton L. A. Wright,* for the appellee (defendant Clarence R. Collins).

O'CONNELL, J. The plaintiff, the zoning enforcement officer for the town of Hamden, appeals from the judgment rendered by the trial court, dismissing his appeal from the granting of three variances to various individual applicants.[1] The plaintiff claims that the trial court erred in granting the motion to dismiss by finding that the plaintiff (1) failed to allege aggrievement to pursue the appeal, (2) failed to provide a bond in taking the appeal, and (3) misjoined three appeals in one action. We find error.

The following facts are relevant to the resolution of this appeal. On June 19, 1986, the Hamden zoning board of appeals granted in excess of twenty-five variances, among which were those granted to the following three parties, named as defendants in the plaintiff's appeal to the Superior Court: (1) to Howard Benedict, as agent for Conifer Associates, Inc., for a condominium project; (2) to Bonaventura and Maria Mezza, for an imported food store; and (3) to Clarence Collins, a defendant in the present appeal, for a gas station, car wash and convenience store.[2] The plaintiff, as zoning enforcement officer for the town of Hamden appealed

---

[1] The defendants in the present appeal, Charles Carlin and Clarence Collins, are the clerk of the zoning board of appeals and an individual applicant, respectively.

[2] On April 3, 1987, the trial court, *Dorsey, J.,* ordered the appeals severed. This appeal concerns only the Collins' application.

to the trial court,[3] pursuant to General Statutes § 8-8.[4] The complaint was in three counts, each count addressing the variance granted to a particular applicant. Count one addressed the Benedict variance, count two, the Collins variance and count three, the variance granted to the Mezzas.

Collins filed a motion to dismiss the count pertaining to him, pursuant to General Statutes § 8-8 (d). The trial court, *Quinn, J.,* granted the motion to dismiss, without a hearing or oral argument on the motion, and despite a written request for oral argument by the plaintiff. It is this failure of the trial court to entertain oral argument that requires a finding of error.

General Statutes § 8-8 (d) provides a statutory right to a hearing on the issue of standing in a zoning appeal, prior to the hearing of the appeal on the merits. That section provides that "[t]he court, upon the motion of the person who applied for the board's decision, shall make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. *At the hearing on such motion to dismiss* each appellant shall have the burden of proving his standing to bring

---

[3] We note that any questions raised during oral argument concerning the propriety of service have been resolved in the plaintiff's favor by *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 150–51, 543 A.2d 1339 (1988).

[4] "[General Statutes] Sec. 8-8. APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. (a) Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

the appeal." (Emphasis added.) We read the above-italicized language to *require* that a hearing be held on any motion to dismiss filed pursuant to § 8-8 (d). No hearing was held in the present case, and we therefore find that the dismissal was improper and that the case must be remanded for a hearing to satisfy the mandate of General Statutes § 8-8 (d). At both the trial level and the appellate level, in a typical civil appeal, a hearing generally must be held on a motion to dismiss if one of the parties so requests. See Practice Book §§ 142 and 4043. In the present case, such a request was made. The record is barren of any explanation for the trial court's failure to schedule a hearing and oral argument on the defendant's motion to dismiss.[5]

There is error, the judgment dismissing the appeal is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[5] We note also that subsequent to the trial court's action in this appeal, another trial court, *Dorsey, J.,* denied a motion to dismiss the Benedict appeal. It is not known whether a hearing was held on that motion.