[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has for its consideration the plaintiff's appeal of a decision of the defendant-Commission which granted to the defendant, Lorenzo Vallera, a special permit following public hearings on his application. The special permit allows Mr. Vallera to use premises owned by him on Island Dock Road, Haddam, which are situated in a C-1 (Commercial) zone, for the outdoor storage of empty demolition dumpsters and construction equipment.
The plaintiff, a limited partnership, is the owner of approximately twenty-one (21) acres of land on the northerly side of Island Dock Road, which premises are situated in an R-2A (Residential) zone.
The court finds that the plaintiff filed a timely appeal. The court finds, further, based on testimony of Carlyle Knowlton, a one-half owner of the partnership, and an engineering expert, that the plaintiff is aggrieved by the Commission's decision. Sec. 8-8(1), Conn. Gen. Stat.; Smith v. Planning Zoning Board, 3 Conn. App. 550, 552-53 (1985).
Uses which a property owner enjoys by right in a commercial zone are set forth in Sec. 4.3.1 of the Town of Haddam Zoning Regulations. Rec., Exh. 24. Uses allowed thereon subject to issuance of a special permit by the Planning Zoning Commission are set forth in Sec. 4.3.3 of the Regulations. Among the latter is the following such use:
 "Contracting or construction yards subject to the following: CT Page 1690
 a) The Commission may require a buffer strip between 5 and 100 feet in width and where necessary require landscaping as in accordance with Section 7.6.3.
 b) All fences erected shall be no closer than 15 feet from the parcel boundaries and at a height determined appropriate by the Commission.
 c) All other aspects of the activity must be compatible with other surrounding uses as determined by the Commission." Sec. 4.3.3.11
It was pursuant to the above special permit language that the defendant-Vallera made his application. Def. Exh. 1. The Regulations do not define "Contracting or construction yards."
Hearings were held on the special permit application December 16, 1991, and on January 6, 1992. Transcripts of those hearings (Rec. Exh. 21, 22) reflect the opposition testimony of a large number of attendees. In general, their arguments were predicated on incompatibility of the proposed special permit use with the surrounding residential areas.
At the Commission's meeting on February 3, 1992, one of its members, prior to a formal vote, "expressed concern regarding the detrimental affect (sic) approving the activity might have on the surrounding area, adjacent residential zones and residences located within the area . . . ." Rec. Exh. 11, p. 3. The Commission, by vote of 4 to 3, approved the application subject to some fifteen conditions in the use of the land as specially permitted. Id.
During the hearing before this court Mr. Knowlton, on the issue of the plaintiff's standing, testified specifically regarding the detrimental impact and resultant injurious effect the Commission's decision will have on the plaintiff's adjoining residential realty. See Hall v. Planning Commission, 181 Conn. 442, 444 (1980).
The plaintiff has raised several grounds of appeal which the defendants dismiss as having no merit. Notwithstanding the arguments advanced, what is troubling to the CT Page 1691 court is the Commission's failure to address the defined purpose of special permits as contained in Section 5 of the Regulations. In what might otherwise be described as a preamble, Section 5.1, entitled "Purpose", provides as follows:
 "In dividing the Town of Haddam into zones, it is to be recognized that there are certain uses which may be necessary to the Town but which may be detrimental to their neighbors if proper safeguards are not taken. The Planning and Zoning Commission must evaluate the impact of such uses upon neighboring uses and surrounding areas and decide whether or not to grant a special permit for such uses." (underlining added).
It is the court's finding that the defendant Commission, on the basis of the above language, as well as the hereinbefore quoted language of Sec. 4.3.3.11c, had an affirmative duty not only to evaluate the impact of the proposed use on the surrounding areas in the context of its compatibility with neighboring uses; but also expressly to decide, if such permit is granted, that the impact thereof is not sufficiently detrimental to require denial of the application. In short, it is a matter which must be "determined by the Commission." Id.
A review of the minutes of the February 3, 1992 meeting does not reveal that the Commission made any specific finding regarding compatibility or the impact of the specially permitted use upon neighboring uses. The chairman's remark, prior to the vote of approval, that "any decision rendered . . . should be based upon permitted use, the issues and locas (sic) of the proposal" (Rec. Exh. 11, p. 5) is vague as to meaning and hardly the equivalent of a finding "that the proposed use conformed to all of the requirements of the special permit regulations." Malafronte v. Planning Zoning Board,155 Conn. 205, 213 (1967). The multitude of conditions made a part of the grant of approval only adds to the concern.
Our courts have recognized that planning and zoning regulations are to be construed as a whole. Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, CT Page 1692 679 (1967). This includes requirements of the preamble or stated purpose of the regulations. Hertzsch v. Zoning Board of Appeals, 137 Conn. 599, 602-03 (1951). "When an agency acts on an application for a special exception, and gives reasons for its action, the only questions before the court are whether the evidence in the record reasonably supports the decision of the agency, and whether the agency addressed those matters which it was required to consider under its regulations." Perry Brothers Partnership v. Canton Zoning Commission, 6 CSCR 1079, 1080 (1991) (underlining added).
Even if it is assumed, based on the hours devoted to consideration of the application, that the Commission was engaged in a process of evaluation, the record does not disclose that an express decision or determination was made regarding impact as the court deems required by Sec. 5.1 and 4.3.3.11c. Cf. Haddam Quarter Associates v. Planning Zoning Commission. Case No. 55861, Sup. Ct., Middlesex Jud. District (1990).
The court remands the matter to the defendant Commission for further proceedings on the defendant-Vallera's application consistent with this opinion.
So ordered.
GAFFNEY, J.