[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal by the plaintiffs, John Brouwer, Sr. and Donald E. Brouwer, from a decision of the defendant, New London Zoning Board of Appeals (hereinafter "ZBA"), to uphold an abatement order issued by the New London zoning enforcement officer (hereinafter "ZEO") which ordered the plaintiffs to cease and desist the use of their property for the maintenance, repair and outdoor storage of race cars.
FACTS
The plaintiffs are the owners of a life estate on a piece of property at 55 Lester Street in New London. Located on the subject property is a residential dwelling, a detached garage and a detached greenhouse from which a commercial nursery is operated. The nursery exists as a nonconforming use. The residence is currently occupied by Stephen Brouwer and John Brouwer, Jr. Stephen Brouwer stores and maintains a "street car" on the property which he also races for recreation on occasional weekends. (Pleadings, plaintiffs' appeal complaint). John Brouwer, Jr. stores and maintains a race car on the property which he also races at various race CT Page 3475 tracks for recreation. (ROR, ex. 1, p. 4).
The property is located in an R-1, single family residential zone. The zone also allows "accessory uses customary or incidental to a permitted use." (New London Zoning Regulations, 400.4). An "accessory use" is defined as "a use which is subordinate and incidental to the main or principal use of a lot." (New London Zoning Regulations, 200).
On July 23, 1991, the ZEO served the plaintiffs with an abatement order that cited three violations of the New London Zoning Regulations (hereinafter "Zoning Regulations"):
 1) Article IV, 400.4 Accessory uses in the R-1 zone for those activities associated with residential property;
 2) Article VII, 710 Nonconforming uses for those activities associated with the nursery property; and
 3) Article VI, 613.B Noise performance standard for those activities such as the revving of engines and auto body repairs which result in sound levels exceeding the maximum noise level.
(Return of record, hereinafter [ROR], ex. 3). Based on these alleged violations, the ZEO ordered the plaintiffs to eliminate the maintenance, repair and outdoor storage of all race cars on the subject property. (ROR, ex. 3).
On August 7, 1991, the plaintiffs appealed the abatement order to the ZBA. (ROR, ex. 2). On September 26, 1991, the ZBA held a public hearing on the plaintiffs' appeal from the abatement order. (ROR, ex. 6). Both parties and the public offered evidence in support of their respective positions. (ROR, exs. 9-20). The ZBA affirmed the ZEO's abatement order finding that repairing, maintaining and openly storing racing cars is "not to be considered an accessory use to the existing nursery or residence." (ROR, ex. 6). CT Page 3476
Notice of the ZBA's decision was published on September 29, 1991. (Publisher's affidavit is in the return of record). This appeal was timely commenced on October 9, 1991 by service on the ZBA chairman and on the town clerk for the defendant ZBA.
The plaintiffs raise five grounds for their appeal in their complaint:
 1) There was no evidence presented at the public hearing which supports the position that the storage and maintenance or racing cars is not a legal accessory use in a residential zone;
 2) The denial constitutes a taking of property without compensation and without due process of law in violation of the United States and the Connecticut constitutions;
 3) The ZBA did not discuss or consider any evidence or case law presented by the applicant concerning the legality of having a race car on the premises as a legal accessory use to a residential dwelling;
 4) The ZBA had prejudged this appeal and had discussed and decided it before the hearing; and
 5) The ZBA based its decision on the desires of surrounding property owners as opposed to a determination of the property rights of the plaintiffs.
Based on these allegations the plaintiffs seek the following:
 1) The abatement order issued by the ZEO dated July 23, 1991 did not prohibit the storage of a racing car used as a hobby in a R-1 residential zone and the inside maintenance of a race car is a valid accessory use in an R-1 zone or, in the CT Page 3477 alternative;
 2) The ZBA erred in not considering that the storage and repair of a hobby race car is a valid non-conforming use of the property.
On February 20, 1992 the plaintiffs filed a brief in support of their appeal. The plaintiffs argue in their brief that the racing cars stored on their property are part of a hobby that is engaged in as a subordinate activity to the principal use of the property as a residence and a nursery. The plaintiffs argue, therefore, that the storage of the cars in a detached garage on the property is an accessory use and not precluded by the New London Zoning Regulations. The plaintiffs further argue that the indoor maintenance and occasional transport of the racing cars on a flatbed truck is included as part of the accessory use of the property. The plaintiffs argue in the alternative that the evidence on the record shows that the use of the property for the indoor storage and maintenance and transport of the racing car preexisted the zoning regulations and therefore is a preexisting nonconforming use. The plaintiffs did not brief the taking issue and the claim of prejudgment/predisposition. Issues not briefed are considered abandoned. Ierardi v. CHRO, 15 Conn. App. 569,585, 546 A.2d 870 (1988).
On August 12, 1992 the defendants filed a brief in opposition to the plaintiffs' appeal. In it, the defendants argue that the evidence on the record supports the ZBA's decision.
On February 18, 1993, the court, Hurley, J., held a hearing on this appeal.
DISCUSSION
Appeals v. Planning Zoning Commission, 27 Conn. App. 297,301, 605 A.2d 885 (1992). The owner of a life estate has a property interest sufficient to support a claim of aggrievement. Smith v. Planning Zoning Board of Milford,3 Conn. App. 550, 552, 490 A.2d 539 (1985). An administrative appeal is confined to the record except that if evidence necessary for the equitable disposition of the case is not in CT Page 3478 the record, then such evidence may be taken by the court. General Statutes 8-8(e).
In the instant case, the court, Hurley, J., found aggrievement based on a deed introduced at the appeal hearing on February 18, 1993 that shows that the plaintiffs are the owners of a life estate on the subject property.
B. Burden of proof; Scope of judicial inquiry.
The plaintiff bears the burden of proof to demonstrate that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988).
"Conclusions reached by [a local board] must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989).
 Generally, it is the function of a zoning board or commission to decide "within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." (Citations omitted).
Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543, A.2d 1339 (1988). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Spero v. Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590
(1991).
C. Accessory uses. CT Page 3479
The R-1 zone in which the subject property lies permits "accessory uses customary or incidental to a permitted use." (Zoning Regulations, 400.4). The regulations define an accessory use as "a use which is subordinate to a main or principal use of a lot." (Zoning Regulations, 200).
In Lawrence v. Zoning Board of Appeals, 158 Conn. 509,264 A.2d 552 (1969), the court discussed the interpretation and application of a similar definition of "accessory use." "[I]ncidental . . . incorporates two concepts. It means that the use . . . is subordinate and minor in significance . . . . [and] it must also be attendant or concomitant [to the primary use]" Id., 512. "Customary" should be applied as a separate and distinct test. Id.
 [A customary use is one which] has commonly, habitually and by long practice been established as reasonably associated with the primary use.
. . .
 [S]ome of the factors which should be taken into consideration are the size of the lot in question, the nature of the primary use, the use made of the adjacent lots by neighbors and the economic structure of the area.
Id., 513. The application of the concept of accessory uses is often fact specific and subject to the legal discretion vested in the ZBA. Id.
Both parties conceded that the indoor storage of a race car on the subject property would be a valid accessory use of the subject property. (ROR, ex. 1, p. 2). At issue in this appeal is whether the record reasonably supported the ZBA's finding that the maintenance, repair and outdoor storage of a race car is not an accessory use as defined by the zoning regulations.
The ZBA heard extensive evidence from several sources as to the history of the use of the property, its CT Page 3480 current use, and the general character of the neighborhood. (ROR, exs. 1 and 7). Photographic evidence in the record shows that several race cars are stored both inside and outside of the garage on the property at any given time. (ROR, ex. 20). These photos and statements by neighbors and the ZEO indicate that repairs on these cars are performed day and night, inside the garage and outdoors. (ROR, exs. 7 and 20). The record also shows that revving of the engines causes noise levels greater than normal activity in the neighborhood. (ROR, exs. 7 and 18).[1] The ZBA also heard testimony from neighboring residents that the noise generated by repair work on the racing cars was greater that of normal residential area activities. (ROR, ex. 1, pp. 47, 48, 50). Several individuals who live in the vicinity of the subject property signed a petition in opposition to the plaintiffs' activities on their property. (ROR, ex. 17).
The ZBA upheld the ZEO's abatement order finding that the maintenance, repair and outdoor storage was not an accessory use in the R-1 zone. The ZBA did not qualify its decision as applicable only to outdoor repair and maintenance. The ZEO noted in his investigations of the use of the subject property that repair and maintenance was occurring both inside the garage and outdoors. (ROR, ex. 1, pp. 26-27). Photographic evidence before the ZBA also showed that repair and maintenance was occurring indoors and outdoors. (ROR, ex. 7). Therefore, the ZBA's finding that the maintenance, repair and outdoor storage of race cars is not an accessory use, as defined by the zoning regulations, to either the nursery or the residence on the subject property, includes both indoor and outdoor repair and maintenance of race cars. Further, this finding is reasonably supported by the record.
It is noted that the ZBA stated that its reason for upholding the ZEO's abatement order was that the maintenance, repair and outdoor storage of race cars is not an accessory use in the residential zone. The ZBA did not state as a reason for upholding the ZEO's order that the use of the property was not a preexisting nonconforming use.
"Conclusions reached by [a local board] must be upheld by the trial court if they are reasonably supported by the record. . . ." Primerica, supra. When a ZBA has stated the reason for its decision, the court is not at liberty to probe CT Page 3481 beyond it. DiMaria v. Planning and Zoning Commission,159 Conn. 534, 541, 271 A.2d 105 (1970). Because the ZBA's stated reason for its decision is reasonably supported by the record, this court need not address the issue of nonconformity as raised in the plaintiffs' brief.
Accordingly, the court holds that the ruling of the ZBA to uphold the abatement order is sustained. The plaintiffs were directed to eliminate the indoor and outdoor maintenance and repair and the outdoor storage of race cars. Indoor storage was not barred by the cease and desist order.
The appeal is hereby dismissed.
Hurley, J.