[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from a decision of the Fairfield Zoning Board of Appeals (hereafter called the Board) which granted a side yard and rear yard setback variance to the defendant Katherine J. Jones (hereafter called Jones), the owner of property at 1129 Sasco Hill Road in Fairfield (hereafter called the subject property). The plaintiff, Dominick F. Burke, as Trustee of the Miriam Lustig Scholarship Fund (hereafter called Burke, trustee) has a fourth mortgage for $60,000.00 on land owned by Richard Thomas Cooke and Maryalice K. Cooke (hereafter called Cooke), located at 1123 Sasco Hill Road. The Cooke property abuts the subject property, and the subject property has an easement over the Cooke property in addition to access from another road.
The defendants Jones and the zoning board of appeals have both filed motions to dismiss this appeal on two grounds: (1) the plaintiff has no ownership interest in any property which makes him an aggrieved party under 8-8 of the General Statutes; and (2) the only basis for a claim of aggrievement in the appeal is that the plaintiff holds a mortgage on property within 100 feet of the subject property and that access is obtained to the subject property by an easement over the Cooke property at 1123 Sasco Hill Road. The plaintiff claims statutory aggrievement derived from ownership of a fourth mortgage on abutting property, but has not alleged or proven classical aggrievement. Section 8-8(j) of the General Statutes allows any defendant to file a motion to dismiss a zoning appeal at any time on the ground that the appellant lacks standing to appeal. A hearing is required, and at the hearing the appellant is required CT Page 3773 to prove standing to maintain the appeal. 8-8(j) C.G.S.; Iagrosse v. Carlin, 16 Conn. App. 281, 283, 284. The parties were given the opportunity to present evidence. The plaintiff Burke testified, copies of deeds and other recorded instruments were produced, and the court has taken judicial notice of a mortgage foreclosure proceeding in the Bridgeport Superior Court involving the Cooke property, (CV91-0287568, Mechanics Savings Bank v. Richard Cooke, et al, hereafter called the foreclosure action). A stay of proceedings has been granted in the foreclosure action by the federal bankruptcy court. A judgment of strict foreclosure had been entered on October 19, 1992, with law days commencing December 15, 1992. As a result of the stay, Cooke still owns the property on which the plaintiff has a fourth mortgage. The first mortgage is held by Mechanics Savings Bank. A second mortgage from Cooke to Yegen Equity Loan Corporation for $350,000.00 dated June 13, 1988 was assigned to Atlantic Financial Federal on the same date, but that bank was later taken over by the Resolution Trust Corporation as receiver. Resolution Trust Corporation assigned the mortgage to Charles Jankovsky, trustee on December 14, 1992, after this appeal was commenced. Jankovsky now holds the second mortgage as trustee for Burke individually, not Burke as trustee. The third mortgage on the Cooke property is held by Chase Manhattan Bank. Burke, trustee has the fourth mortgage, in the amount of $60,000.00, recorded June 12, 1990. Chase Manhattan Bank also has a subsequent attachment, and Cummings Lockwood has a subsequent judgment lien. Accordingly, the first law day goes to the property owners, Cooke, and both Cummings Lockwood and Chase Manhattan Bank have law days prior to the fourth mortgage of the plaintiff.
Since the only plaintiff is Burke, trustee, only the interest of that plaintiff is considered in deciding whether there is standing to maintain this appeal. Even though Burke may intend to redeem the Cooke property on a subsequent law day for the second mortgage, Burke has not brought this action individually, and accordingly has no standing to maintain this action as the beneficiary of the second mortgage held by Charles Jankovsky, trustee. Moreover, aggrievement is based on the appellant's status at the time of the appeal rather than the time of the trial. Foran v. Zoning Board of Appeals,158 Conn. 331, 336; see also Hall v. Planning Commission, 181 Conn. 442, 4A4; Fox v. Zoning Board of Appeals, 146 Conn. 665, 667. The second mortgage was not acquired until December 14, 1992, and this appeal was taken on November 25, 1992. Accordingly, the plaintiff's interest in the second mortgage is irrelevant to this appeal. The question then is whether holding a fourth mortgage on land abutting the subject property is sufficient to create statutory aggrievement, CT Page 3774 and whether the plaintiff's interest in the board's decision amounts to classical aggrievement.
Section 8-8(b) of the General Statutes provides that "that any person aggrieved by any decision of a board may take an appeal to the superior court." Section 8-8(a)(1) defines "aggrieved person" to include "any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board." The defendants contend that the plaintiff does not come within this definition of statutory aggrievement because Burke, trustee does not own the Cooke property or any other land within 100 feet of the subject property. The plaintiff claims that since he holds a fourth mortgage on the abutting property and Connecticut is a title jurisdiction for mortgages that he has a sufficient ownership interest to have standing under the statute. There are no reported decisions on whether a mortgagee can be considered a "person owning land" which abuts the property involved in the agency's decision in order to have standing to appeal under 8-8. There are, however, several problems with the plaintiff's argument.
Even though Connecticut is a title jurisdiction of mortgages, where the mortgagee has legal title to the mortgage property and the mortgagor has equitable title, also called the equity of redemption, Conference Center Ltd. v. TRC, 189 Conn. 212, 218; Barclays Bank of New York v. Ivler, 20 Conn. App. 163, 166, the mortgagee must bring a foreclosure action to foreclosure the equity of redemption, and the mortgagor can retain possession of the property by satisfying the debt on or before the law day. Id. Even though Connecticut adheres to the title theory of mortgages, the mortgage is regarded as mere security and the mortgagor for most purposes is regarded as the sole owner of the land; the mortgagee has title and ownership enough to make the security available, but for substantially all other purposes is not regarded as the owner. Red Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563, 569 (construing the meaning of "owner" of the property under 49-34 of the mechanic's lien statutes and concluding that the mortgagor rather than the mortgagee is considered the owner of the property.). While the holding in Red Rooster is not controlling it is persuasive, particularly when the purpose of the statute is considered.
The predecessor to the present version of the statutory aggrievement provision in 8-8 was enacted by Public Act 712 in 1967 in response to the Supreme Court's decision in Kyser v. Zoning Board of Appeals, 155 Conn. 236, 242 (1967) and other cases which held that mere proximity to the land involved in the decision of a zoning CT Page 3775 agency does not establish aggrievement since ownership of abutting property, standing alone, does not make the appellant sufficiently adversely affected by the agency's decision. See also Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508; Olsen v. Inland Wetlands Commission, 6 Conn. App. 715, 718. The 1967 amendment to8-8 allowed for appeals by any person owning land which abuts the land involved in any decision of the board. This amendment recognized that in many cases the owner of abutting property would be sufficiently affected to be allowed to appeal, and it also eliminated in some cases a time consuming contest before the trial court on the threshold issue of aggrievement. The standing to appeal was extended in 1977 to persons owning land within 100 feet of any part of the property involved in the board's decision. Public Act 77-470. However, the statute has not been expanded to include any one other than the property owner, although the legislature could have extended it expressly to mortgagees or any other persons having an interest in abutting property.
Smith v. Planning Zoning Board, 3 Conn. App. 550, 553-555, affirmed 213 Conn. 317, 322-323, holds that the phrase "any person owning land" includes the holder of a life estate. The Appellate Court recognized that in cases involving real estate, the term "owner" is generally defined with reference to title, id.,3 Conn. App. at 553, and the Supreme Court stated that the word "owner" has no fixed meaning but must be interpreted in its context and according to the circumstances in which it is used. Id., 203 Conn. at 322. A critical factor in Smith was that under the common law and in many practical respects the interest of the life tenant was treated as essentially equivalent to outright ownership. Id., 203 Conn. at 323. In a beneficial sense, the holder of a life interest in real property can use the land in the same manner as the holder of a fee simple interest and has the right to undisturbed possession of the land and to the income and profits derived from it for the lifetime of the life tenant. The incidents of ownership of the land as a life tenant amounted to sufficient ownership of the property to be considered as a "person owning land" with the right to appeal under 8-8. Id.
The holder of a mortgage is not similarly affected. The mortgagee does not occupy the property and is not affected by the activities on adjacent property, even though the possibility exists that in the future the mortgagee may acquire the property in satisfaction of the mortgage debt. However, the mortgage is always subject to discharge upon payment by the mortgagor, while a life tenant can use the land for all purposes as long as he lives, and without restriction. While a mortgagee technically has legal title CT Page 3776 to the property, the equitable owner and not the mortgagee remains in possession unless and until there is a default in payment of the mortgage debt, a foreclosure judgment is obtained and the law day or a sale of the property occurs. The plaintiff's argument is even less compelling where, as here, he does not hold a first mortgage on property. If any one has any claim to an ownership interest under the statute as a mortgage holder, it would be Mechanics Savings Bank, which has the first mortgage on the property, since its title is prior in right and superior to subsequent mortgagees. In any event, the plaintiff as the holder of a fourth mortgage on land abutting the subject property cannot in any realistic sense be considered a "person owning land" intended by the legislature to have automatic standing to appeal a zoning decision on adjacent property.
The plaintiff also relies upon a line of cases where a person having less than a fee simple ownership interest in property was held to have a sufficient interest in a decision involving that property, to prove classical aggrievement, such as a lessee, contract purchaser or holder of an option to purchase. These decisions might be applicable if the subject of the application to the board involved the property on which the plaintiff holds a fourth mortgage, but that is not the case.
It is obvious that the plaintiff cannot prove classical aggrievement either, and, in fact the appeal does not allege a claim of classical aggrievement. Proof of classical aggrievement requires (1) a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; and (2) the claimant's specific personal and legal interest must be specially and injuriously affected by the decision. Walls v. Planning Zoning Commission, 176 Conn. 475, 478; Johnson v. Zoning Board of Appeals,156 Conn. 622, 623. Even if the plaintiff could meet the first part of this test, there is insufficient evidence that any interest, derived solely from holding a fourth mortgage on adjacent property, would be adversely affected by the board's decision. As previously noted, unless there is statutory aggrievement, merely owning abutting property does not create classical aggrievement. Kyser v. Zoning Board of Appeals, supra, 242; Vose v. Planning Zoning Commission,171 Conn. 480, 484; Foran v. Zoning Board of Appeals, supra, 334. The fourth mortgage is merely security for the debt. There is no evidence that the granting of setback variances for the subject property impaired the plaintiff's interest in the fourth mortgage on adjacent property. The mortgage exists only as security for the debt owed by Cooke, and the board's decision does not affect that debt. CT Page 3777 If the plaintiff has inadequate security for its loan, which appears to be the case, it is immaterial whether or not the board granted a variance for adjacent property. Finally, the fact that the plaintiff might redeem the fourth mortgage on the law day at some time in the future is immaterial. He was not aggrieved when the appeal was taken, and the fact that he might be aggrieved in the future is insufficient. Foran v. Zoning Board of Appeals, supra.
The motions to dismiss of the defendants based on 8-8(j) of the General Statutes are granted.
ROBERT A. FULLER, JUDGE