[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal which juxtaposes the two adages "Good fences make good neighbors," and "Something there is that doesn't love a wall."[1]
On December 2, 1993, the Middletown Zoning Board of Appeals ("Z.B.A." or "board") granted a variance to Paul and Lori Nosal of 85 Durwin Street to maintain a previously erected fence on the westerly side of their property which was in violation of Section 12.02[2] the Middletown Zoning Code. The abutting owners on the westerly side of the Nosal property, William and Margaret Cotter brought an appeal to this court returnable January 25, 1994 wherein they allege the Z.B.A. considered evidence submitted subsequent to CT Page 12890 the closing of the public hearing, and, in count two, that the decision to grant the variance was arbitrary, capricious and beyond the scope of the board's authority because no basis was provided for the decision.
After conferring with the zoning enforcement officer, the Nosals received a verbal approval to construct a six foot fence along the west side of their property. The fence was to be 14 feet from the road, but because the zoning enforcement officer referred to the wrong map in granting approval, the fence was installed 16 feet too close to the street in violation of Section 12.02 of the code and a notice of violation was sent to the Nosals causing them to apply for the variance. After a public hearing and two executive sessions, the board granted the variance on December 2, 1993.
Two facts should be noted before addressing the merits of the case. The first is that the plaintiffs and the Nosals have had strained relations for some time and that Mrs. Cotter has filed complaints with the zoning enforcement officer and other city officials regarding the Nosals' activities on and condition of their property, none of which resulted in any further action beyond the initial investigations. Second, there was no opposition to the application for a variance expressed at the public hearing. In fact, the Cotters' son testified he thought it "a good idea to have [the] fence." Neither of these factors are relevant to the legal issues and claims in this case and they are not regarded by the court as anything more than a part of the atmosphere in which of the board rendered its decision.
Review of a decision of a zoning agency exists only under statutory authority. Hall v. Planning Commission, 181 Conn. 442,443 (1980). "The right to appeal is purely statutory and is accorded only if the conditions fixed by the statutes are met."Fidelity Trust Co. v. Lamb, 164 Conn. 126, 134 (1972). Under G.S. § 8-8(1) any person who owns land which abuts or is within a radius of 100 feet of land involved in a decision of the zoning board of appeals, or any person aggrieved by such a decision, may take an appeal of the decision to the superior court. Abutting landowners need not "prove aggrievement independent of their status as owners of property bearing the necessary relation to property involved in the board's action." Smith v. Planning Zoning Board,3 Conn. App. 550, 553 (1985). After hearing the testimony and reviewing the exhibits this court finds that the plaintiffs' status as abutting landowners satisfies the requirements of aggrievement. CT Page 12891
The plaintiffs' first count alleges the decision was illegal because the board engaged in communications with the applicants after the public hearing. The two events which give rise to this claim are the brief colloquy between Lori Nosal and the board during the executive portion of the meeting of October 7, 1993 after the public hearing had ended. At one point Lori Nosal is said to be crying and uttered "Don't even bother. We are going to sell the house. We got to sell the house." While the statement should not have been made, the record clearly discloses the Z.B.A. did not consider it and the chair noted that the hearing had been closed and that further discussion with the public was prohibited. In the second instance, the applicants sent a letter to the chair dated November 18, 1993; however, once again, the Z.B.A. went on record to note the letter contained information outside the public hearing, that procedures should be implemented to avoid such communication in the future, and the reasons why it could not be considered. There is no evidence in the record to support the plaintiffs' claim that the board considered information contained within the utterance at the executive session by Lori Nosal or the letter of November 18, 1993. "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." (Citations omitted; internal quotation marks omitted.) Pleasant View Farms Development, Inc. v.Zoning Board of Appeals, 218 Conn. 265, 269-270, (1991). The plaintiffs have failed to sustain their burden on this count.
In their second count, the plaintiffs claim the defendant board gave no basis for its decision to grant the variance.
Generally speaking, the appellate courts' decisions support the premise that the reviewing court should afford liberal discretion to the board in its conclusions and limit itself to the determination of whether the board's decision was unreasonable, arbitrary or illegal. Schwartz v. Planning Commission, 208 Conn. 146,152 (1988). Further, "courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons. (Citations omitted). Whittaker v. Zoning Board ofAppeals, 179 Conn. 650, 654 (1980). Since the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency; Feinson v.CT Page 12892Conservation Commission; 180 Conn. 421, 425 (1980), the court must determine the correctness of the conclusions from the record on which they are based. Housatonic Terminal Corporation v. Planning Zoning Board, 168 Conn. 304, 306, (1975)." Torsiello v. ZoningBoard of Appeals, 3 Conn. App. 47, 49-50 (1984). (Internal quotation marks omitted). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Burnham v.Planning Zoning Commission, 189 Conn. 261, 265, (1983). The trial court has a limited scope of review when confronted with an appeal from the decision of a zoning board. Parks v. Planning Zoning Commission, 178 Conn. 657, 663 (1979). The decision will only be disturbed if it is shown that the zoning authority acted illegally, arbitrarily or in abuse of its discretion. Raybestos-Manhattan,Inc. v. Planning Zoning Commission, 186 Conn. 466, 470
(1982). Where the zoning authority has not provided the reasons for its decision, the court must review the record to see if it supports the decision. A.P. W. Holding Co. v. Planning ZoningBoard, 167 Conn. 182, 186 (1074).
General Statutes § 8-7 provides in pertinent part: "Whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property. . . it shall state upon its records the reason for its decision and . . . describe specifically the exceptional hardship on which its decision is based. . . ." It has been held, however, that this language is merely directory and the board's failure to comply in not grounds for reversal nor does it make the decision void.Corsino v. Grover, 148 Conn. 299, 310 (1961).
A zoning board of appeals has the power to grant a variance. General Statutes § 8-6. To grant a variance under this section, the applicant must show that: (1) the variance will not substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance will cause unusual hardship unnecessary to the carrying out of the general purpose of the plan.Pollard v. Zoning Board of Appeals, 186 Conn. 32, 38-39 (1982).
General Statutes § 8-6(3) gives the board the power and duty "to determine and vary the application of the zoning by laws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with CT Page 12893 respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantive justice will be done and the public safety and welfare secured. . . ."
In reviewing the record returned to the court, the court finds that at the first executive session after the public hearing, the board proceeded to take a vote on the requested variance after some discussion. It was approved by three of the board members, with one abstaining and one against. The matter was subsequently tabled in order for the board to get information from the zoning enforcement officer, but when it was initially presented, board member Judith Pehota moved as follows: "I move that we accept the variance to Section 12.02 of the Middletown Zoning Code to allow a fence, the existing fence we are talking about, right? The existing fence of six feet due to consideration this specific parcel of land be[ing] public health, safety and convenience and welfare for this particular place." And it was this same board member who later moved to "accept the variance" at the next executive session and it was unanimously approved. Although slightly disjointed, the motion for approval of the variance expresses the exercise of the considerations set forth in General Statutes § 8-6(3) and specifically incorporates some of the language of that statute. The plaintiffs' assertion in paragraph 12 of their second count that the decision was arbitrary, capricious, illegal and beyond the board's statutory authority "because there was no basis provided for the decision" is not supported by the record.
Using the applicable rules of interpretation and giving deference to the of the board's decision as provided in both statutory and case law, and having regard for the plaintiffs' burden of proof, the court finds the appeal to be without merit and it is dismissed.
STANLEY, J.
 Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk